**Marcus SCHNURMAN, Appellant,**

**v.**

**UNITED STATES of America,**
**Appellee.**

**No. 20411.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 21, 1966.

Decided April 7, 1967.

Mr. Ira M. Lowe, Washington, D. C., for appellant.

Mr. Joel M. Finkelstein, Atty., Dept. of Justice, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker, Asst. U. S. Atty., and Alan G. Marer, Atty., Dept. of Justice, were on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, and McGOWAN and TAMM, Circuit Judges.

its acceptance by defendant's trial counsel a basis of reversal for ineffective assistance.

EDGERTON, Senior Circuit Judge.

At the end of appellant's trial for carnal knowledge, on June 29, 1965, the judge was told that appellant had tried to influence a juror. On appellant's motion, the judge declared a mistrial.[1]

Appellant was charged with criminal contempt. The judge denied his request for a jury trial on this charge and held a hearing on November 12, 1965. On January 17, 1966, the judge filed a memorandum opinion declaring appellant guilty of criminal contempt and referred the case to a probation officer for presentence investigation and report. The report was filed about two months later. On June 17, 1966, the judge formally found appellant guilty of criminal contempt and sentenced him to six months' imprisonment.

This appeal challenges both the conviction and the sentence. In our opinion the only possibly meritorious allegations of error relevant to the conviction were waived. But we think the sentence should not have exceeded 90 days.

When appellant committed criminal contempt, and also when the judge denied his request for a jury trial and tried the case without a jury, Rollerson v. United States was law in the District of Columbia. We there held that a sentence of more than 90 days for criminal contempt required a jury trial. 119 U.S.App.D.C. 400, 343 F.2d 269 (1964). But on June 6, 1966, eleven days before appellant was sentenced, the Supreme Court in Cheff v. Schnackenberg sustained a sentence of six months for a criminal contempt. 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966). Before *Cheff,* we would have revised appellant's sentence[2] because of the *Rollerson* rule, and *Cheff* preserved our authority to do this. Justice Clark's *Cheff* opinion, in which three of the other Justices who made up the majority concurred, concluded with these words: "Nothing we have said, however, restricts the power of a reviewing court, in appropriate circumstances, to revise sentences in contempt cases tried with or without juries." 384 U.S. at 380, 86 S.Ct. 1523.

We think there are "appropriate circumstances" in this case. When the judge chose to dispense with a jury he was probably, though not certainly, influenced by the very relevant consideration that he could not impose a sentence of more than 90 days. It is clear and familiar that the length of a possible sentence is highly relevant to the question whether a case should or should not be tried by a judge without a jury.[3] We think it unfair for a court which has denied a jury trial in the light of one maximum punishment to impose a sentence in the light of another. In our opinion it is an abuse of discretion which we should correct, under 28 U.S.C. § 2106[4] and also under our supervisory power over the administration of justice in the District of Columbia.

We affirm the conviction but vacate the sentence. We remand the case to the District Court with direction to impose a sentence of no more than 90 days. In regard to the reduction of sentence, Judge Tamm dissents.

Conviction affirmed; sentence vacated and cause remanded.

1. At a second trial for carnal knowledge appellant was acquitted by reason of insanity. United States v. Schnurman, Crim. No. 688–64.

2. Any "court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances." 28 U.S.C. § 2106 (1964).

3. For example, as we pointed out in *Rollerson,* D.C.Code § 11–715a authorized the Court of General Sessions to proceed without a jury in criminal cases where the offense carried a penalty of up to ninety days, but guaranteed a right to jury trial for all offenses that could be punished by imprisonment for more than ninety days. 119 U.S.App.D.C. at 409, 343 F.2d at 278.

4. *Supra* note 2.