In the Matter of Application to Adjudge Roe VAN METER in Criminal Contempt.

Roe Van Meter, Appellant.

No. 19459.

United States Court of Appeals Eighth Circuit.

July 18, 1969.

Martin E. Spellman, of Spellman, Spellman & Spellman, Perry, Iowa, for appellant, Edward M. Spellman, Perry, Iowa, on the brief.

Gene R. Krekel, Asst. U. S. Atty., Sioux City, Iowa, for appellee, Asher E. Schroeder, U. S. Atty., on the brief.

Before VOGEL, Senior Circuit Judge, and MATTHES and BRIGHT, Circuit Judges.

MATTHES, Circuit Judge.

Following a hearing on September 11, 1968, the district court on the same day adjudged appellant in criminal contempt and sentenced him to imprisonment for a period of six months.

The contempt resulted from appellant's violation of an injunction issued by the same court on October 24, 1964, prohibiting him from engaging in the business of a dealer within the meaning of the Packers and Stockyards Act, without being registered and furnishing bond or its equivalent as required by the Act. 7 U.S.C. §§ 201, 203, 204.

Appellant appealed from the judgment of contempt. His application for bail pending the appeal was denied by the district court. Pursuant to an order of this court the district court fixed appellant's bail bond at $500, which he was able to post, resulting in his release during the pendency of this appeal.

Appellant relies upon six contentions for reversal.

First, he asserts that the court failed to exercise due deliberation in finding him in contempt. The claim is that the court should have taken the matter under advisement rather than announce its decision immediately after the evidence had been considered. We find no authorities to support this novel claim of error and reject it.

Second, appellant asserts that he was not a "dealer" and consequently was not required to give a bond. We have examined the record with care and are convinced that there was substantial evidence to support the court's finding that the appellant's mode of operations subsequent to the injunction brought him within the reach of the Act.

■ Third, appellant asserts he was entitled to a jury trial. We disagree. See Frank v. United States, 395 U.S. 147, 89 S.Ct. 1503, 23 L.Ed.2d 162 (May 19, 1969); Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966); *cf.* Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968).

■ Fourth, appellant claims that he did not intend to commit criminal contempt. Again, this presented an issue of fact. The evidence supports the court's conclusion, implicit in its judgment, that all essential elements of the offense were established.

■■ Fifth, the claim is made that appellant was required to assume the burden of proving his innocence. He concedes that the provisions of Rule 42(b) Fed.R.Crim.P. were followed. He argues, however, that the show cause order issued pursuant to that rule actually had the effect of placing the burden of proof upon him. We find no substance in this contention. Rule 42(b) does not relieve the prosecution of its burden to establish guilt beyond a reasonable doubt. The order to show cause is merely a method of serving notice of the alleged violation of an order. United States v. United Mine Workers, 330 U.S. 258, 296–297, 67 S.Ct. 677, 91 L.Ed. 884 (1947). The alleged contemnor is at all times clothed with the presumption of innocence and the Government has the continuing burden of proving his guilt. Yates v. United States, 316 F.2d 718 (10th Cir.1963); James v. United States, 275 F.2d 332, 335 (8th Cir.), *cert. denied,* 362 U.S. 989, 80 S.Ct. 1077, 4 L.Ed.2d 1022 (1960); Nilva v. United States, 227 F.2d 74, 80 (8th Cir. 1955), *aff'd,* 352 U.S. 385, 77 S.Ct. 431, 1 L.Ed. 2d 415 (1957).

■ Sixth, we agree with appellant's final contention that the sentence imposed, six months in prison, is excessive. In imposing a penalty for criminal contempt, "the trial judge may properly take into consideration the extent of the willful and deliberate defiance of the court's order, the seriousness of the consequences of the contumacious behavior, the necessity of effectively terminating the defendant's defiance as required by the public interest, and the importance of deterring such acts in the future." United States v. United Mine Workers, *supra,* 330 U.S. at 303, 67 S.Ct. at 701.

The Government concedes that, notwithstanding the general rule that a sentence in a criminal prosecution will not be disturbed by the reviewing court if it falls within the maximum allowed by the statute, an exception exists in criminal contempt cases, and that the reviewing court, under appropriate circumstances, does have authority to vacate sentences and remand to the sentencing court. See Cheff v. Schnackenberg, *supra,* 384 U.S. at 380, 86 S.Ct. 1523; Nilva v. United States, *supra;* Schnurman v. United States, 126 U.S. App.D.C. 315, 379 F.2d 92 (D.C.Cir. 1967); United States v. Conole, 365 F. 2d 306 (3rd Cir.1966), *cert. denied,* 385 U.S. 1025, 87 S.Ct. 743, 17 L.Ed.2d 673 (1967). There are several alleviating circumstances which impel us to conclude that the sentence imposed is disproportionate to the offense committed. Appellant had no prior criminal record; his conduct was not shockingly contemptuous; his troubles emanated from lack of sufficient finances to enable him to procure an acceptable bond; he was able to and has qualified as a dealer since his conviction and is operating within the provisions of the Act. These factors, individually or collectively, did not warrant violation of the injunction, but are nevertheless mitigating circumstances. We entertain doubts whether any salutary purpose would be accomplished if appellant is required to serve the term imposed.

The proceedings in this case should tend to remind dealers in livestock of the necessity of complying with the provisions of the Packers and Stockyards Act. It should also be emphasized that any person who knowingly violates an order or judgment enjoining pro-

scribed conduct may be subjected to criminal sanctions.

Hopefully, appellant has been taught to respect the law. In any event, we believe the district court should reexamine the penalty that has been assessed in light of the observations noted above. We decline to pursue the course of the *Schnurman* and *Conole* Courts and spell out the penalty that should be imposed. We have confidence in Judge Hanson and believe that he will exercise discerning judgment, so that the ends of justice will be served.

Reversed and remanded for further proceedings consistent with this opinion.