**UNITED STATES, Appellee,**

v.

**Kenneth L. RAUCH, Appellant.**

**No. 83–1546.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 9, 1983.
Decided Sept. 15, 1983.

George W. Proctor, U.S. Atty., E.D. Ark. by Kenneth F. Stoll, First Asst. U.S. Atty., Little Rock, Ark., for appellee.

Mark S. Cambiano, Morrilton, Ark., for appellant, Kenneth L. Rauch.

1. The Hon. Elsijane Trimble Roy, United States District Judge for the Eastern and Western Districts of Arkansas.

Before HEANEY, ROSS and ARNOLD, Circuit Judges.

PER CURIAM.

Kenneth L. Rauch appeals from the District Court's[1] order finding him guilty of criminal contempt for violating an injunction prohibiting him from engaging in business as a livestock dealer. Rauch contends that the District Court erred in finding that he was acting as a dealer and in imposing an excessive sentence.

I.

The charges in this case stem from Rauch's purchase and sale of livestock during the period April 1, 1982, to June 30, 1982. The government contended that these purchases violated three prior district court orders permanently enjoining Rauch from engaging in the business of a dealer, within the meaning of the Packers and Stockyards Act of 1921, 7 U.S.C. §§ 201 et seq., without registering with the Secretary of Agriculture and obtaining a bond or its equivalent as required by the Act, 7 U.S.C. §§ 203, 204. The court first issued the injunction on April 3, 1964, and reaffirmed it on January 19, 1972, and February 27, 1976.

The government charged Rauch with twenty-eight counts of violating the court's order. Each count represented a purchase or sale of cattle during the three-month period in issue. The court found Rauch guilty of acting as a dealer on twenty-one counts in which the purchase and sale of cattle were tied together. For purposes of sentencing the court merged the counts that represented matched purchase-and-sale transactions. The District Court sentenced Rauch to 120 days in prison and $2,400 in fines. It also suspended imposition of sentence on several counts and sentenced Rauch to two years' probation to follow the period of incarceration.

## II.

■ Rauch's first contention on appeal is that he was not a "dealer" and consequently was not required to register or give a bond. At trial Rauch did not deny that any of the transactions took place or that he was not registered or bonded, but argued that he was acting as a rancher (Tr. 114) and that the purchases were necessary to augment his herd. Any immediate resales, he said, were the result of incidental culling of the cattle purchases (Tr. 117–122, 129).

During the thirteen-week period in issue, Rauch attended livestock auctions four days per week—Mondays, Tuesdays, Thursdays, and Saturdays (Tr. 136). Rauch made 13 purchases from Clark County Livestock, 13 purchases from Cattleman's Livestock Market, 12 purchases from Lewis Livestock Company, and 13 purchases from Searcy County Auction (Tr. 136). On 46 occasions, Rauch sold cattle to Millsap Packing Company (Tr. 48).

The evidence presented by the government traced 60 of the 240 head of cattle Rauch purchased over this time period. The government did not attempt to trace all the cattle purchased and sold during this period, but only those sold through Millsap Packing and the above mentioned auction barns (Tr. 103). Each transaction is described in the Appendix to the District Court's opinion. A particularly telling and not uncommon example of Rauch's transactions is presented in Counts X and XI, in which Rauch purchased twelve head of cattle from Lewis Livestock on April 27, 1982, and resold all twelve head, plus one, the following day to Millsap Packing.

Rauch had about 400 head of cattle on 500 acres of land (Tr. 132). Rauch testified that to increase his herd he would purchase low-grade cattle which could be examined only after the sale (Tr. 118–120). If they were fit to graze, he would take them to his ranch (Tr. 119). If not, he would immediately sell them to a packing house (Tr. 129). He testified that he made money only off the cattle which he fattened before reselling (Tr. 124), but in fact he did lose money on some immediate sales of low-grade cattle to the packing house (Tr. 130, 149).

Rauch also testified that he spoke with a representative of the Packers and Stockyards Administration, a Mr. Tuggle, before beginning his ranching operation in 1976, and was told that his method of operating would come within the definition of farmer or rancher—one who substantially changes the condition of cattle before selling it—and so avoid the licensing and bonding requirements for dealers (Tr. 115–117, 138–139). Rauch was unable to locate Tuggle to testify at trial, as he had retired (Tr. 115–116). The District Court disregarded this testimony as self-serving (Sentencing Tr. 10).

The District Court found that Rauch's intent in purchasing the cattle was not to increase his herd, but to buy cattle for resale to a slaughterhouse, and that he was therefore acting as a dealer within the scope of the Act. The finding is amply supported by the evidence.

## III.

■ Rauch also asserts that the sentence imposed is excessive. This Court has held that a sentence of six months in prison was excessive for a dealer's failing to register and furnish a bond under the Act where the defendant had no prior criminal record; his conduct was not shockingly contemptuous; he did not have enough money to obtain a bond; and he complied with the Act after his conviction. *In re Van Meter,* 413 F.2d 536, 538 (8th Cir.1969).

No such mitigating circumstances are present in this case, and the sentence is not so severe. The District Court could properly consider the following relevant factors at Rauch's sentencing hearing:

In imposing a penalty for criminal contempt, "the trial judge may properly take into consideration the extent of the willful and deliberate defiance of the court's order, the seriousness of the consequences of the contumacious behavior, the necessity of effectively terminating the defendant's defiance as required by the public interest, and the importance of deterring such acts in the future." *United States*

*v. United Mine Workers, supra,* 330 U.S. [258] at 303, 67 S.Ct. [677] at 701 [91 L.Ed. 884].

*In re Van Meter,* 413 F.2d at 538.

The court determined that Rauch acted willfully and deliberately in defiance of its orders. Rauch admitted in his presentence report that he did not feel livestock violations were serious. He also had a history of violating agricultural laws, as evidenced by the prior injunctions in 1964, 1972, and 1976, and a 1977 conviction for transporting diseased cattle in interstate commerce. His failure to obtain a bond resulted in lawsuits by at least one auction house to recover a debt for cattle sold, a situation the bond would have avoided (Sentencing Tr. 8–10). Rauch had incurred fines of only $1,100 in 1964, $500 in 1972, and $1,000 in 1976, for his prior violations of the Act. The sentence is not excessive.

Affirmed.