**Karl ZYSSET and New-Nel Kitchen Products Company, Plaintiffs-Appellees,**

v.

**POPEIL BROTHERS, INC., Defendant-Appellant.**

Nos. 12492, 12753.

United States Court of Appeals
Seventh Circuit.

Feb. 11, 1960.

Rehearing Denied April 14, 1960.

See, also, 168 F.Supp. 372.

Will Freeman, Jack E. Dominik, George B. Christensen, D. D. Allegretti, Chicago, Ill., for defendant-appellant.

Albin C. Ahlberg, Warren C. Horton, Chicago, Ill., for plaintiffs-appellees.

Before SCHNACKENBERG and CASTLE, Circuit Judges, and MERCER, District Judge.

CASTLE, Circuit Judge.

Karl Zysset, patentee, and New-Nel Kitchen Products Company, his licensee, plaintiffs-appellees, sued Popeil Brothers, Inc., defendant-appellant, for patent infringement and unfair competition. Trial of the issues involving validity of the patent and its infringement resulted in a judgment for plaintiffs in the District Court finding the Zysset patent valid and infringed and enjoining defendant from making, using or selling the accused devices or any other embodying the invention of claims 1 or 2 of Zysset patent 2,-782,826. The issues involving unfair competition and plaintiffs' damages resulting from infringement remained to be tried.

Defendant appealed and contends that the District Court erred in holding the Zysset patent met the standards required for patentable invention over the non-cited prior art and, in any event, Zysset's claims are narrowly limited and not infringed by defendant's devices. Subsequent to defendant's appeal we remanded to the District Court to consider new evidence, the District Court having certified that there appeared to be sufficient cause at law to warrant reopening of the District Court's judgment order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. After hearing on remand the District Court found that no new evidence was presented which required change of the Court's original conclusions of law and judgment. Defendant's motion for relief from the original judgment was denied and defendant's second appeal followed.

The contested issues are (1) the validity of Zysset's patent 2,782,826 and (2) whether defendant's accused devices are infringements.

In the Zysset patent, applied for March 11, 1954 and issued February 26, 1957, there is illustrated and described a vegetable shredder or chopper comprising a two-part, bell-like housing having an upper portion and a lower portion adapted to be placed over the goods to be shredded and a sinuous single-piece knife blade mounted at the lower end of an actuating spring-loaded shaft which is manually depressible to place the several cutting portions of the knife blade into chopping relation with the goods to be shredded. Adjacent the lower end portion of the stem is located a checking member attached to the stem and carrying a sleeve having two diametrical cams on the outer face thereof, a helical torsion spring disposed in the sleeve and coiled about the stem, one end of the spring being anchored. Inside the top bell-like portion, there is located a socket having a plurality of internal helical grooves. When the stem is depressed, the spring clutch is disengaged and the knife blade does not rotate in its downward movement. However, on its upward movement near the end thereof, the cams on the checking member enter the helical grooves and the stem at that time being engaged by the spring clutch, the stem and the sinuous blade mounted thereon move into new position, different from the position of the blade as made on the previous chopping stroke. Within the housing is located a wiper cup or plate having a sinuous opening which conforms to the shape of the blade and vegetable portions which may adhere to the blade are cleared therefrom on the upward stroke during which the wiper plate wipes such vegetable fragments from the blade.

The claims of the patent are:

"1. In a vegetable shredder comprising a two-part bell-like housing having an upper and a lower portion and adapted to be put over the goods to be shredded, and a knife blade manually depressible by a spring-loaded actuating stem which has a lower end portion, said blade being mounted on the latter and on each actuation being angularly movable by an automatically-operating indexing device, the improved indexing device including a socket in the upper housing portion, said socket having a plurality of internal helical grooves, and a checking member rotatably but axially immovably mounted on the lower end-portion of the stem, said checking member comprising a ring seated on said stem portion, a sleeve mounted on said ring and having two diametrical cams engageable in said grooves, and a helical torsion spring disposed in said sleeve and coiled about said stem portion, one end of the spring being anchored in the sleeve and the other bearing on said ring; the whole in such combination that on depressing the stem the checking member in the first stage is rotated in one direction relatively to the stem and the spring is disengaged from the latter, while the stem and knife blade are not rotated, and that in the last stage of the stem's upward movement the spring engages the stem and the latter together with the checking member and knife blade are rotated in the other direction.

"2. A vegetable shredder as set out in claim 1, in which the knife blade is sinuous, a wiper cup is rotatably but axially immovably mounted in the lower portion of the housing for clearing the blade on the upward stroke thereof, said blade passing through a continuous slot in the bottom of the wiper cup, and a blade-carrying rod passing in tight fit through a plurality of openings in the blade and being secured to the lower end portion of the stem."

The feature contended by plaintiffs to be novel and to constitute patentable invention is the combination of the elements of (1) the repositioning of the chopper blade by automatic rotation occurring only in the last stage of the upward stroke when the blade is withdrawn from and in a position not to move or disturb the goods being shredded or chopped and (2) the utilization of a sinuous blade which although having the advantage of multiple blades eliminates the wedging of particles of the goods between blade sections; the sinuous blade wiping clean on each upward stroke by a continuous sinuous slot in a wiper plate or cup which rotates with the sinuous chopper blade.

The prior art cited to the Patent Office consisted of Hanel 2,140,010 and Suter, Swiss patent 155,720.

Hanel (1938) discloses a housing to be placed over the material to be chopped, a blade, and a stem having a spiral slot cooperating with a sleeve having ears protruding into the spiral slot for giving a rotary motion to the blade. It does not have a sinuous blade, nor a wiper cup, nor are means provided for permitting the blade to travel upwardly in a straight line and away from the chopped material before the rotary motion is imparted.

Suter (1932) shows merely a blade attached to a stem and handle so that they may be manually worked up and down in an open hollow cylinder having a working base loosely inserted at the bottom. Three blades arranged in the shape of an "N" or a zigzag blade were disclosed. Suter does not disclose a sinuous blade, nor wiper cup, nor any automatic indexing feature.

Prior art not cited to the Patent Office but relied upon by defendant includes Blake 95,309, Hard 137,074 and Clark 2,422,340.

Blake (1869), a meat chopper, disclosed a partial rotation or indexing of the rod and knife blade which does not take place until it is lifted nearly out of the receptacle so that the contents being chopped will not be disturbed by the partial revolution. Hard (1873), another meat chopper, disclosed the same feature. Clark (1947), a food chopper, disclosed a rotation and indexing feature

which could by adjustment of the position of a ratchet disc on the rod or stem holding the blade be made to index only on the last stage of the upward stroke.

A 1952 Zeller patent 2,623,563 is illustrative of plaintiffs' exhibit 17, a Zello onion chopper, and similar to plaintiffs' exhibit 16, the Provit device. In these there was a housing and multiple blades which were operated by a stem and knob to chop food. There was no rotation or indexing of the blades although they were wiped by withdrawal into a slotted cup which sheathed them. The blades were not sinuous. Particles wedging between the blades could cause them to stick.

The District Court found that none of the prior art references discloses in combination the structure of the patent in suit; that it does not appear from any evidence that any of the disclosures would have suggested Zysset's shredder or chopper to a person skilled in the art, and concluded that the structure as shown and defined in the patent in suit constitutes a patentable invention. We agree with the District Court. It applied the correct criteria of invention. The sinuosity of the blade and slot in the wiper cup or plate was wholly novel in concept and an important element in the combination claimed in the patent. It eliminated the problem of particles wedging between multiple blades without loss of the advantage of the additional chopping surfaces, and in combination with the indexing feature produced a result beyond that of mere mechanical improvement over existing art. A novel idea was incorporated. While it took mechanical skill to adapt the idea to practical use, and although the mechanics employed may have been obvious, the idea was not. It possessed the "impalpable something which distinguishes invention from simple mechanical skill". Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 129, 95 L.Ed. 162. Here the sinuous blade constituted invention although found in a combination of other elements which were old in the art.

The evidence on the issue of infringement shows that the defendant manufactured and sold two accused devices. The first form of accused device was copied directly from plaintiff Zysset's shredder with only such slight variations as would effect economy in large scale manufacture. Instead of a plurality of holes in the sinuous blade, which defendant used without other change, it attached the blade to the blade carrying rod by the use of slots rather than to project the rod through holes. A "ring" and "sleeve" described in the claims of the patent in suit were made as one part rather than two. No change in functioning or manner of operation resulted.

Infringement is not avoided by making into one part that which has been shown as two where there is no change in the function or manner of operation of the element.

In this connection it was pointed out in Specialty Equipment & Machinery Corp. v. Zell Motor Car Co., 4 Cir., 193 F.2d 515, 518:

"While it is true that the function of a machine is not patentable and that there is infringement only where the same result is reached by substantially the same or similar means, Westinghouse v. Boyden Power Brake Co., 170 U.S. 537, 569, 18 S.Ct. 707, 42 L.Ed. 1136, it is also true that one using the substance and essentials of a patented combination does not avoid infringement by varying nonessential details. Neither the joinder of different elements of a patented combination into one, nor the separation of one integral part into two or more doing together substantially what was done by the single element will evade a charge of infringement."

The rule was expressed by this court in Apex Electrical Mfg. Co. v. Maytag Co., 7 Cir., 122 F.2d 182, 187 as follows:

"Patents are not limited to the structure described and shown, but

the invention may be embodied in various forms. A transposition or rearrangement of the parts as set forth in a patent is an embodiment of the patented invention and does not avoid infringement unless form, location or sequence is essential to the result or to the novelty of the claims." (Citing authorities.) "Infringement is not avoided by combining two elements of a claim in one part."

In Royal Typewriter Co. v. Remington Rand, Inc., 2 Cir., 168 F.2d 691, 693 the court had occasion to observe:

"* * * courts have with curious unanimity held that it does not avoid infringement to combine into one member that which the patent discloses as two, if the single member performs the duties of both in the same way. The decisions are so numerous that we confine ourselves to citing those which over the past thirty years we have passed ourselves."

The District Court did not err in its conclusion that the first form of defendant's accused device constituted infringement.

The second form of accused structure merely substituted a nylon ratchet clutch for the helical torsion spring clutch described in the Zysset patent. Other features, including the sinuous blade and wiper plate, are those of plaintiffs' device. The clutch in each instance operates to prevent the stem and blade from rotating except in one direction. This permits rotation to reposition the blade only on the last portion of the upward stroke when the chopper blade is no longer in contact with the goods being shredded or chopped. The utilization of a nylon ratchet and multiple pawl type clutch was from the standpoint of function and manner of operation a mechanical equivalent of the Zysset helical torsion spring type clutch. The conclusion of the District Court that the doctrine of "equivalents" applied, and that defendant's second form of device constituted infringement, was correct. In

Kiwi Coders Corporation v. Acro Tool & Die Works, 7 Cir., 250 F.2d 562, 568 this court in applying the doctrine of equivalents stated:

"As the Supreme Court said in Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, 607, 70 S.Ct. 854, 856, 94 L.Ed. 1097, '* * * to permit imitation of a patented invention which does not copy every literal detail would be to convert the protection of the patent grant into a hollow and useless thing. * * * One who seeks to pirate an invention, like one who seeks to pirate a copyrighted book, or play, may be expected to introduce minor variations to conceal and shelter the piracy. Outright and forthright duplication is a dull and very rare type of infringement.' In this opinion the Court goes on to point out that the doctrine of equivalents evolved in response to this type of infringement and reiterates (339 U.S. at page 608, 70 S.Ct. at page 856) that 'if two devices do the same work in substantially the same way, and accomplish substantially the same result, they are the same, even though they differ in name, form or shape.' "

We agree with the District Court that the evidence presented on the hearing subsequent to our remand was not such as to require a change in the original conclusions of law and judgment. We have considered the contentions of the defendant relating to file wrapper estoppel, narrow limitations of Zysset's claims, and the various arguments advanced in support thereof. We find them without merit.

The judgment of the District Court is affirmed.

Affirmed.

### Upon Petition for Rehearing

CASTLE, Circuit Judge.

Popeil Brothers, Inc., defendant-appellant, petitions for a rehearing which *inter alia* requests modification so as to

order that the District Court be reversed as to its finding and judgment that claim 1 of Zysset's patent 2,782,826 is valid and infringed.

A rehearing is denied. The opinion and order of this Court is modified to show that the judgment of the District Court is reversed as to claim 1 and affirmed as to claim 2 of Zysset patent 2,782,826 and affirmed in all other respects.