Edgar D. **CRUMPACKER,** et al., Plaintiffs,

v.

Owen W. **CRUMPACKER,** et al., Defendants.

No. H 75–0212.

United States District Court, N. D. Indiana, Hammond Division.

April 23, 1981.

---

Gregory Reising, Gary, Ind., for plaintiffs.

Fred Donnersberger, Hammond, Ind., Robert Welsh, Chesterton, Ind., Joseph Reid, Hammond, Ind., for defendants.

James Crumpacker, pro se.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge: *

Plaintiffs filed this action seeking damages for fraud, negligence, and conversion allegedly stemming out of Owen W. Crumpacker's representation of the Crumpacker clan's interest in certain real estate. The complaint also asked the Court, *inter alia*, to determine the ownership of various tracts of sandlands located in the northern part of Porter County, Indiana, and to distribute in appropriate shares the monies collected in the condemnation of those tracts. On May 12, 1980, a jury at the close of a sixteen-day trial found for plaintiffs on their legal claims in the amount of $78,250; in addition, the defendants were assessed with plaintiffs' costs totalling $1,276.15. On June 27, 1980, Judge McNagny ruled on plaintiffs' equitable claims, determining the parties' respective ownership interests in Tracts 02–126, 02–135, and 02–144, and ordering distribution of the condemnation

---

* On August 12, 1980, Owen W. Crumpacker, a defendant herein, named as defendants in a civil rights suit the judges of the United States District Court for the Northern District of Indiana. *Crumpacker v. Civiletti*, 90 F.R.D. 326, (N.D.Ind.1981). As a result, the Honorable Phil M. McNagny, Jr., who originally presided over this action, as well as the other judges in this district, have recused themselves pursuant to 28 U.S.C. § 455 from all litigation involving Owen Crumpacker. On September 16, 1980, the Honorable Thomas E. Fairchild, Chief Judge for the United States Court of Appeals for the Seventh Circuit, designated this Court pursuant to 28 U.S.C. § 292(b) as a special district court for the Northern District of Indiana for the purpose of presiding over this and other cases involving Owen Crumpacker.

proceeds accordingly. This case now is before the Court on defendants' motions attacking the order granting equitable relief and the amended judgment order entered thereupon August 14, 1980; the taxation of costs; and Judge McNagny's finding of criminal contempt based on Owen Crumpacker's conduct during the jury trial.[1]

Defendants offer two theories in support of their motion to vacate the grant of equitable relief. First, they assert that because Chief Judge Jesse E. Eschbach of the Northern District of Indiana presided over the proceedings in which just compensation was determined for Tracts 02–126, 02–135, and 02–144, he, rather than Judge McNagny, was vested with jurisdiction to determine ownership and distribution of those funds. Second, defendants argue that since an appeal from this judgment was docketed on July 22, 1980, Judge McNagny was without jurisdiction to enter the amended judgment order dated August 14, 1980. Since these theories raise distinct issues governed by different provisions of Fed.R.Civ.P. 60, the Court will address them separately.

Defendants' attack on the June 27 judgment apparently is based on Rule 60(b)(4), which authorizes relief from judgments that are void for, among other reasons, lack of jurisdiction.[2] Wright & Miller, Federal Practice and Procedure: Civil § 2862 at 198–200 (1973). Before addressing the merits of this contention, however, the Court must consider whether it has the power to do so in light of the docketing of an appeal in this matter.

At one time, the rule in the Seventh Circuit was that the filing of an appeal ousted the district court of jurisdiction to consider Rule 60(b) motions. *Miller v. United States*, 114 F.2d 267, 269 (7th Cir.), *cert. denied*, 313 U.S. 591, 61 S.Ct. 1114, 85 L.Ed. 1545 (1940). While *Miller* recently has been cited in affirming a district court ruling that it lacked jurisdiction to entertain a motion to intervene after the filing of an appeal, *Armstrong v. Board of School Directors*, 616 F.2d 305, 327 (7th Cir. 1980), it no longer is considered applicable to Rule 60(b) motions. In *United States v. Ellison*, 557 F.2d 128, 132 (8th Cir.), *cert. denied*, 434 U.S. 965, 98 S.Ct. 504, 54 L.Ed.2d 450 (1977), the court held that during the pendency of an appeal the district court may consider Rule 60(b) motions, deny them if they are without merit, and seek leave to a remand from the court of appeals if it appears they should be granted. *See also Washington v. Board of Education, School District 89*, 498 F.2d 11, 15–16 (7th Cir. 1974) (Rule 60(b) motion based on newly-decided authority); *Zysset v. Popeil Brothers*, 276 F.2d 354, 355 (7th Cir. 1960) (Rule 60(b) motion based on new evidence). This procedure enhances judicial economy both by permitting the consolidation of denials of Rule 60(b) motions with appeals from the original judgments, Wright & Miller, *id.*, § 2873 at 265–

---

1. Unfortunately, the Court must decide these motions without the benefit of briefs filed. At the status hearing held November 21, 1980, the Court ordered that defendants file a supporting brief on their motion for a new trial on the contempt order by December 1; that plaintiffs respond by December 11; and that defendants reply by December 22. Although defendants at that time did not raise the other motions they earlier had filed, the Court ordered that this briefing schedule apply to any and all pending motions.

 On December 18, after it was evident that the parties had failed to comply with the briefing schedule, the Court on its own motion extended the dates for filing briefs to January 9, 1981; January 16; and January 23, respectively. In the order, the Court specifically noted that this schedule would apply to the motions under consideration today. The Court also apprised the parties of its intention to consider these motions at the close of the briefing schedule, irrespective of whether the briefs had been filed. Although this opinion issues more than two months after the close of the briefing schedule, not one responsive brief has been filed with the Court. While neither party is free from blame in this matter, it is the defendants who brought these motions in the first instance and who bear the burden of persuasion, who undoubtedly suffer the most from the failure to brief these motions.

2. The Court observes that the motion is not denominated as such. Since the motion would be untimely under Fed.R.Civ.P. 59 and falls squarely within the scope of Rule 60(b)(4), however, the Court will assume that defendants intended to bring the motion pursuant to Rule 60(b)(4).

266, and by eliminating unnecessary appeals. *Washington*, 498 F.2d at 16.

■■■ Thus, the Court finds that it possesses jurisdiction to consider defendants' Rule 60(b)(4) motion; it further finds, however, that this motion is without merit. The proceedings before Judge Eschbach established the right of the federal government to condemn the tracts in issue and the amount of just compensation. These determinations were affirmed in separate opinions. *United States v. 416.81 Acres of Land*, 514 F.2d 627 (7th Cir. 1975) (Tract 02–126). These opinions do not suggest that Judge Eschbach made any rulings on ownership and distribution rights as among the Crumpacker claimants.[3] Nor is there any indication that there were pending before Judge Eschbach proceedings to determine those issues, thereby perhaps rendering equitable abatement appropriate. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976); *Ohio-Sealy Mattress Manufacturing Co. v. Sealy, Inc.*, 90 F.R.D. 11, 15 n.9 (N.D.Ill.1980). The funds derived from the condemnation proceeding were placed on deposit with the Clerk of the United States District Court for the Northern District of Indiana, of which Judge McNagny is a member. Defendants have cited no authority that supports their contention that Judge McNagny, in a case which properly raises the issue, could not determine ownership and order distribution.[4] Indeed, the court in *United States v. 88.28 Acres of Land*, 608 F.2d 708, 715 n.4 (7th Cir. 1979), noted that once just compensation is determined, the issue of ownership may be litigated either in that court or "in appropriate cases in another forum." Accordingly, the Court denies defendants' Rule 60(b)(4) motion to vacate the June 27, 1981, order granting equitable relief.[5]

Defendants' motion with respect to the amended judgment order dated August 14 stands on a different footing. Although the opinion of June 27 found that plaintiff Peter Blair Crumpacker possessed a $\frac{1}{36}$ interest in the proceeds from Tract 02–126. *Crumpacker v. Crumpacker*, Civil No. H 75–212, Slip Op. at 24–25 (N.D.Ind., June 27, 1980), the judgment order of the same date erroneously stated that figure as a $\frac{1}{26}$ interest. Defendants filed a notice of appeal from the judgment on July 9, and the appeal was docketed on July 22. The guardian for Peter and three other Crumpackers apprised the Court of the error in the judgment order by a letter dated August 12, 1980; on August 14, the Court entered an amended judgment order correcting this error.

■■■ This amendment clearly is a correction of a clerical error, and thus is governed by Fed.R.Civ.P. 60(a). Under that rule, a district court retains authority to make clerical corrections even after notice of appeal has been filed. *Dunlop Holdings, Ltd. v. Ram Golf Corp.*, 524 F.2d 33, 35 n.5 (7th Cir. 1975), *cert. denied*, 424 U.S. 958, 96 S.Ct. 1435, 47 L.Ed.2d 364 (1976). Defendants, however, correctly point out that the docketing of an appeal divests the district court of authority to make unilateral corrections of even this sort; rather, Rule 60(a) expressly requires that leave to make the

---

**3.** It is true that the court in *416.81 Acres of Land*, 525 F.2d at 452, stated what it assumed to be the actual ownership shares of Tracts 02–135 and 02–144. This statement did not reflect the trial court's ruling on the matter, however, but rather was intended as an explanation of the argument on appeal that the failure of the government to join as defendants all parties who might hold interests in the land rendered the condemnation proceeding void. Thus, it cannot be asserted that this passage in the opinion constitutes a determination of ownership interests in the tracts in question.

**4.** The only authority defendants cite is an order, subsequently affirmed in an unpublished opinion, dismissing an action which sought to relitigate the propriety of the condemnation proceeding with respect to Tract 02–135. *Mercantile National Bank of Hammond v. Morton*, Civil No. H 73–213 (N.D.Ind., July 29, 1976). This appropriate application of collateral estoppel in no way supports the quite different contention pressed by defendants herein.

**5.** This decision necessarily requires the Court to deny defendants' motion for oral argument on this matter as well.

correction be obtained from the court of appeals before the district court may act. Indeed, some courts of appeals have refused to recognize an unauthorized correction made by a district court after docketing until after a remand in which the district court could properly exercise its authority. *Huey v. Teledyne,* 608 F.2d 1234, 1237 (9th Cir. 1979). Other reviewing courts, it should be noted, have corrected clerical errors even when they have been first raised on appeal, eschewing the exercise of a formal remand and correction by the trial court. *Crosby v. Pacific S.S. Lines, Ltd.,* 133 F.2d 470, 473 (9th Cir. 1943). Nonetheless, since Judge McNagny's mistake in amending the judgment, technical though it may be, has been brought to the Court's attention, the Court would be remiss in permitting it to stand. Accordingly, the Court grants defendants' motion to set aside the amended judgment order of August 14, thereby leaving intact the June 27 order. The plaintiffs, if they wish to correct the clerical error in the June 27 judgment order, first must seek leave to do so from the Seventh Circuit pursuant to Fed. R.App.P. 10(e). Only if that petition is granted by the Seventh Circuit will this Court have the authority to enter the desired correction.

Defendants urge three grounds in support of their motion to set aside the taxation of costs rendered pursuant to the jury verdict. First, they argue that the Court was without subject matter or personal jurisdiction. This ground may be rejected summarily, however, as defendants present no support for these bare allegations. Second, defendants assert that they should not be assessed with all of plaintiffs' costs in this litigation, since plaintiffs failed to prevail against all parties who at one time were defendants in this action. Thus, they suggest that they should be held liable, if at all, only for those costs plaintiffs incurred

in successfully pursuing their claims against certain defendants.

■ The Seventh Circuit has noted that "federal courts.have a wide discretion in the apportionment and taxation of costs." *Jones v. Schellenberger,* 225 F.2d 784, 794 (7th Cir. 1955). In a situation analogous to the instant case, the court in *Lodges 743 and 1746, International Association of Machinists and Aerospace Workers v. United Aircraft Corp.,* 534 F.2d 422, 447–448 (2d Cir. 1975), rejected the contention that the trial court had erred in awarding plaintiff union full costs even though it had prevailed against only 72 out of 3,503 strikers on its breach of contract claims. The court found it "axiomatic" that a plaintiff need not sustain its claims against all defendants in order to be entitled to costs as a prevailing party. And, while the court noted that the trial court perhaps could have apportioned the costs to reflect plaintiff's partial victory, there was no error in its refusal to do so, particularly in light of the substantial dollar value of plaintiff's judgment. Similarly, in this case plaintiffs have succeeded substantially in their claims against the defendants who from the start were the primary focus of this litigation. Since defendants have failed to provide a persuasive reason for apportionment, the Court rejects this argument as a basis for setting aside the taxation of costs.

■ Third, defendants raise various objections to the particular elements of cost claimed by plaintiffs and awarded.[6] In attacking as assessment of costs, the burden rests with the objecting party to persuade ·the court that the assessment was improper. Where the objecting party fails to present countervailing evidence to refute a bill of costs which, as here, has been verified, the objections must be denied. *Swan Carburetor Co. v. Chrysler Corp.,* 149 F.2d 476, 476–477 (6th Cir. 1945). The categories of cost challenged by defendants all are autho-

**6.** Specifically, defendants challenge the award of (1) marshal's fees; (2) funds disbursed by O'Connor and Weigle; (3) costs for depositions

not offered or received into evidence; (4) fees for court reporters, and printing briefs and pre-

rized by statute and case law.[7] Defendants have offered absolutely no evidence that would suggest that the costs are unreasonable for a lengthy litigation involving parties residing across the continental United States and beyond. Thus, the Court rejects defendants' claim that the costs assessed are unreasonable.[8] Accordingly, for the foregoing reasons, the motion to set aside the taxation of costs is denied.

Finally, defendant Owen Crumpacker seeks a new trial on the judgment of criminal contempt issued against him. On May 8, during the course of the jury trial, Judge McNagny orally found Crumpacker guilty of criminal contempt and fined him $100. In a written certificate of contempt dated May 29, Judge McNagny explained that the contempt citation was based on Crumpacker's continued refusals to heed orders of the Court and more generally his mimicking and deprecating conduct toward the Court in the presence of the jury.

 Crumpacker contends that the order must be set aside because Judge McNagny issued the written certificate of contempt three full weeks after the oral contempt citation in open court. Delay in issuing the written certificate of contempt, however, does not rob a judge of the power to enforce a ruling of summary contempt pursuant to Fed.R.Crim.P. 42(a). *MacInnis v. United States*, 191 F.2d 157, 160 (9th Cir. 1951), *cert. dismissed*, 342 U.S. 953, 72 S.Ct. 628, 96 L.Ed. 708 (1952). Similarly misplaced is Crumpacker's assertion that Judge McNagny's order lacks sufficient evidentiary basis. Continued argumentation in the face of a judge's contrary ruling can form the basis for a contempt citation. *In Re Dellinger*, 461 F.2d 389 (7th Cir. 1972). As defendant has failed to explain why his continued refusal to heed Judge McNagny's rulings is insufficient to support the contempt citation, the Court finds that there was adequate evidence to support the order. Crumpacker's remaining arguments address not the propriety of Judge McNagny's contempt order, but rather the conduct of the court reporter and the possible effect on the pending jury trial of newspaper reports concerning the contempt citation. For this reason, they are irrelevant to defendants' motion for a new trial on the contempt order. Accordingly, the motion for a new trial on the contempt citation is denied. Defendant Owen Crumpacker is ordered to pay a fine of $100 to the Clerk of the United States District Court for the Northern District of Indiana, Hammond Division, no later than May 8, 1981.

The only remaining matter before the Court is plaintiffs' Complaint in Proceedings Supplementary to Execution, by which they seek to enforce the damage award returned by the jury.[9] Pursuant to Fed.R. Civ.P. 69(a),

> [t]he procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the

---

trial orders; and (5) fees for witnesses who did not testify.

**7.** Marshal's fees are authorized by 28 U.S.C. § 1920(1). Section 1920(2) allows the assessment for costs of depositions necessarily obtained for the case, even if not introduced into evidence. 6 Moore's Federal Practice § 54.77[4] at 1720. Although fees for court reporters, and printing of briefs and pretrial orders are not routinely assessed, they are permissible under section 1920(2)–(4). Fees for witnesses are permitted under section 1920(3), even if they are not called to testify. *See Federal Savings and Loan Insurance Corp. v. Szarabajka*, 330 F.Supp. 1202, 1209 (N.D.Ill.1971). The nature of the costs disbursed by O'Connor and Weigle are unclear from the bill of costs entered. In the absence of any specific ground for objection, however, the Court will not assume that this element of cost was assessed improperly.

**8.** Similarly, the Court rejects as unsupported defendants' assertion that plaintiffs in fact did not incur the costs which were assessed.

**9.** Pursuant to the Court's orders of November 21 and December 18, 1980, plaintiffs have filed briefs in support of their motion for supplemental proceedings. Defendants, as was the case with the other motions pending, have failed to comply either with the December 18 or the November 21 orders. Consequently, the Court must address this motion with the benefit of only plaintiffs' views.

state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

The Court has found no federal statute governing this issue; therefore, since the Court is sitting in this case as the United States District Court for the Northern District of Indiana, Indiana law governs the supplementary proceedings.

Moreover, the Court observes that Fed.R. Civ.P. 62 does not bar these supplemental proceedings to enforce the judgment. More than ten days have elapsed since the judgment entered on the jury verdict, thereby rendering Rule 62(a) inapplicable. Since this Memorandum Opinion and Order resolves all pending post-trial motions that might possibly relate to the jury verdict, Rule 62(b) poses no barrier to enforcement of the judgment entered thereupon. Finally, as defendants have not filed a supersedeas bond necessary to stay enforcement of a money judgment, Rule 62(d) is inapplicable as well.

 Thus, turning to the substance of plaintiffs' request for supplementary proceedings, the Court finds that plaintiffs have complied with the requirements of the governing Indiana provision, Indiana Rules of Trial Procedure 69(E): they have alleged by verified motion that they own a judgment against defendants; that they have no reason to believe a levy of execution against the defendants will satisfy the judgment; that there are garnishees which have non-exempt property of defendants; and that defendants should be required to appear in court and answer as to their non-exempt property. Furthermore, the interrogatories answered by garnishee defendants Mercantile National and the Clerk of the Court indicate that these parties do not contest title to the funds they hold for defendant.

Accordingly, pursuant to Fed.R.Civ.P. 69(a) and Indiana Trial Rule 69(E), the Court orders that defendants and garnishee defendants, as well as plaintiffs, appear before United States Magistrate John Cooley, hereby appointed as a Special Master for the purposes set forth herein, on July 1, 1981, at 2:00 p. m., at Room 2430, 219 South Dearborn Street, Chicago, Illinois, at which time Magistrate Cooley will conduct a hearing on the issue of whether the property held by judgment defendants and garnishee defendants should be applied to satisfy the judgment. Magistrate Cooley thereafter is to report his findings and recommendations to this Court on this issue. On or before July 1, 1981, garnishee defendant Mercantile National Bank shall answer the supplemental interrogatories served by plaintiffs and filed with this Court January 2, 1981.

To summarize, defendants' motions to set aside the June 27, 1981, order granting equitable relief and the assessment of costs pursuant to the jury verdict, as well as for a new trial on the contempt order, all are denied. Defendants' motion to vacate the amended judgment order of August 14 is granted; plaintiffs are directed to seek leave from the Seventh Circuit to correct, if they so desire, the clerical error in the June 27, 1980, judgment order. Finally, a hearing on the supplementary proceedings will be conducted before Magistrate Cooley on July 1, 1981, at 2:00 p. m., at Room 2430, 219 South Dearborn Street, Chicago, Illinois. It is so ordered.