392 P.2d 347

STATE of New Mexico ex rel. R. F. APO-DACA, Superintendent of Insurance of the State of New Mexico, Plaintiff-Appellee,

v.

OUR CHAPEL OF MEMORIES OF NEW MEXICO, INC., (NSL), a corporation, Consolidated Industries, Inc., a Colorado corporation, J. L. Bresette, Dallas J. Dhority and R. L. Runyan, Defendants-Appellants.

No. 7429.

Supreme Court of New Mexico.

April 6, 1964.

Rehearing Denied June 5, 1964.

Earl E. Hartley, Atty. Gen., James E. Snead, Thomas A. Donnelly, Asst. Attys. Gen., Santa Fe, for appellee.

Harry L. Patton, Clovis, for appellants.

NOBLE, Justice.

The superintendent of insurance is required, by § 58–7–1.1. N.M.S.A.1953, to regulate and control certain contracts and matters respecting pre-arranged funeral services and sales of personal property in connection therewith. A consent decree was entered in an action brought by that official, by which defendants were required to do certain things and enjoined from certain acts in connection with such pre-arranged funeral matters. Because of alleged violations of the consent decree, the attorney general, at the insistence of the superintendent of insurance, brought contempt proceedings. This appeal is from a judgment finding the defendants in contempt and imposing punishments.

The defendants, even though asserting that this is a civil contempt, have nevertheless pressed upon us the procedural aspects of criminal actions and urge errors in their trial requiring reversal. We are not persuaded. Notwithstanding their contention that this is a civil contempt, they argue that procedurally the charge of contumacious conduct must be alleged with that particularity and detail required in charging a criminal offense. Because we consider the instant proceeding one partly as a criminal contempt, we shall view the procedure from that aspect.

■ The purpose of a criminal information was said in State v. Lott, 73 N.M. 280, 387 P.2d 855, to be to furnish the accused with such a description of the charge against him as will enable him to make a defense. We think the charge in the instant case meets that requirement. Furthermore, the defendants might have, but failed to ask for a bill of particulars and will, therefore, not be heard to complain of a deficiency in the charge against them. State v. Roy, 40 N.M. 397, 60 P.2d 646, 110 A.L.R. 1. We deem the contention to be without merit. State v. Ardovino, 55 N.M. 161, 228 P.2d 947; State v. Lott, supra.

■ Defendants strongly urge failure of the evidence to support the findings of violations of the court's order. We think it would serve no useful purpose to detail the evidence. Suffice it to say that a careful review of the record convinces us that the findings are substantially supported.

Finally, defendants assert that punishment may only be imposed for civil contempt to an extent which will reimburse the loss of the party for whose benefit the violated order was entered. They argue that the punishment imposed bears no reasonable relation to an established loss; and that imprisonment may not be imposed for civil contempt.

■ We are not impressed that this was only a civil contempt. Neither the fact alone that the injunctive order, alleged to have been violated, was issued in an action

brought by a public official charged with enforcement of a statutory duty, nor that the state is a party to a contempt proceeding is determinative of whether it is a civil or criminal proceeding. The purpose for which the power is exercised is a major factor in determining its character. State ex rel. Bliss v. Greenwood, 63 N.M. 156, 315 P.2d 223; State v. Magee Pub. Co., 29 N.M. 455, 224 P. 1028, 38 A.L.R. 142.

The forms of contempt and many of the leading cases were discussed at length in Jencks v. Goforth, 57 N.M. 627, 261 P.2d 655, and we deem it unnecessary to repeat the discussion here. Under analogous facts we said in Jencks:

> "Since actions in contempt are sui generis, we are not forced into the technicalities of strict application of either the criminal or the civil law."

■ The orderly process of law demands that respect and compliance be given to orders issued by courts possessed of jurisdiction of the persons and of the subject matter and one who defies the order of a court having jurisdiction does so at his peril. To that extent at least the contempt in this case is criminal. State ex rel. Bliss v. Greenwood, supra; United States v. United Mine Workers of America, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884. Punishment is imposed in criminal contempt for a past violation of the court's order.

■ We think the contempt, in this instance partakes of the characteristics of both criminal and civil as the Supreme Court of the United States said it might in Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 441, 31 S.Ct. 492, 498, 55 L.Ed. 797, 34 L.R.A.,N.S., 874:

> "Contempts are neither wholly civil nor altogether criminal. And 'it may not always be easy to classify a particular act as belonging to either one of these two classes. It may partake of the characteristics of both.' Bessette v. W. B. Conkey Co., 194 U.S. [324] 329 [24 S.Ct. 665], 48 L.Ed. [997] 1002."

See also, United States v. United Mine Workers of America, supra.

■ Judicial sanctions may, however, be employed in civil contempt for either or both of two purposes: to coerce the defendant into compliance with the court's order and to compensate the complainant for losses sustained. Jencks v. Goforth, supra; Gompers v. Buck's Stove & Range Co., supra. Furthermore, both criminal and civil contempt may be, and often are tried in the same proceeding. Indeed, the same conduct or acts may justify a court in resorting to coercive and to punitive measures. Bessette v. W. B. Conkey Co., 194 U.S. 324, 329, 24 S.Ct. 665, 48 L.Ed. 997; United States v. United Mine Workers of America, supra.

In imposing punishment for a criminal contempt, the seriousness of the consequences of the contumacious behavior, the public interest in enforcing a termination of defendant's defiance and the importance of deterring future defiance are all matters to be considered by the trial court. The trial court is accorded a large discretion.

Where the purpose is to make the defendant comply, the court's discretion is exercised in considering the character and degree of the harm threatened by the continued contumacy and whether or not the contemplated sanctions will bring about a compliance with the court's order.

In the instant case, punishment was imposed as follows: Our Chapel of Memories of New Mexico, Inc., $5,000.00 fine; Consolidated Industries, Inc., $10,000.00 fine; J. L. Bresette, $1,000.00 fine and six months imprisonment; Dallas J. Dhority, $5,000.00 fine and two years imprisonment; R. L. Runyan, $2,500.00 fine and one year imprisonment. The alleged contempt consisted both of failure to do that which the court ordered and the doing of acts which had been prohibited. All of the sentences of imprisonment and a large part of the fines imposed upon each of the defendants were suspended upon condition that the defendants comply in the future with the court's order. It is clear to us that under these sentences, as expressed in Jencks, each defendant "carries the keys of his prison in his own pocket."

We perceive no abuse of the court's discretion in imposing the unsuspended portion of the fines against any of the defendants as punishment for criminal contempt. The imposition of the suspended sentences of imprisonment and of the suspended portions of the fines was truly coercive. The sentences imposed were proper for both criminal and civil contempt. The cases cited by defendants do not require a different conclusion.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

COMPTON, C. J., and CARMODY, J., concur.