**UNITED STATES of America, Appellee,**

v.

**Clement V. CONOLE, Charles E. Anable, Richard C. Conole, Bridwell W. Lincoln, William J. Callahan and Alva M. Meyers, Appellants.**

**Nos. 14861–14866.**

United States Court of Appeals Third Circuit.

Argued Feb. 16, 1965.

Reargued June 10, 1966.

Decided Aug. 26, 1966.

---

Bernard G. Segal, Philadelphia, Pa., (Samuel D. Slade, Tom P. Monteverde, Philadelphia, Pa., Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., on the brief), for appellants.

James C. Lightfoot, Asst. U. S. Atty., Philadelphia, Pa., (Drew J. T. O'Keefe, U. S. Atty., Isaac S. Garb, Asst. U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before STALEY, Chief Judge, and McLAUGHLIN, KALODNER, HASTIE, GANEY, SMITH and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

These appeals are from judgments of conviction entered in contempt proceedings initiated by the trial judge. The only penalties imposed were fines which ranged from $1000 to $5000. The judgments were based upon factual determinations that the appellants, as officers and directors of Business Supplies Corporation, had willfully disobeyed a temporary restraining order issued pendente lite in a civil action. Reversal of the judgment is urged on several grounds.

■ Although they made no demand for a jury trial the appellants argue that under the facts and circumstances of this case the lower court lacked the authority to summarily try and punish them. This argument is without merit. The conditions which would require trial by jury are not present in the instant case. Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (June 6, 1966); see also United States v. Barnett, 376 U.S. 681, 692, 84 S.Ct. 984, 12 L.Ed.2d 23 (1964); Green v. United States, 356 U.S. 165, 187, 78 S.Ct. 632, 2 L.Ed.2d 672 (1958).

■ The appellants contend that since the trial judge initiated the proceedings he was disqualified to summarily hear the matter on the merits. This argument is not supported by any of the cases cited in their brief. Such disqualification is not required unless "the contempt charged involves disrespect to or criticism of [the] judge." Fed.Rules Cr.Proc., rule 42(b), 18 U.S.C.A.; Nilva v. United States, 352 U.S. 385, 395–396, 77 S.Ct. 431, 1 L.Ed.2d 415 (1957). There are cases in which it has been held that the judge who initiates the proceedings should disqualify himself where he has become personally embroiled in the controversy out of which the alleged contempt arose. Offutt v. United States, 348 U.S. 11, 75 S.Ct. 11, 99 L.Ed. 11 (1954); Cooke v. United States, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925); cf. In re Murchison, 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942 (1955). This, however, is not our situation.

■ The appellants maintain that they were denied the full and fair hearing contemplated by rule 42(b), supra. They complain that the trial judge so restricted the proofs as to preclude the introduction of evidence which should have been received and considered in mitigation of punishment. There is some merit to this complaint but it does not warrant complete reversal of the judgments. The evidence in the record is sufficient to enable us to decide whether the trial judge exceeded the reasonable bounds of his discretion in the imposition of the fines. We think he did.

■ The statute under which the appellants were prosecuted, 18 U.S.C.A. § 401, does not limit the sentencing power of the courts but there is implicit in this absence of limitation a requirement that the discretionary authority be exercised with restraint. Green v. United States, supra, 356 U.S. at 188, 78 S.Ct. 632. Where, as here, the purpose of the contempt proceeding is to vindicate the authority and dignity of the court, the punishment imposed should bear some reasonable relation to the nature and gravity of the contumacious conduct. Measured by these principles the fine imposed on each of the appellants was excessive.

The fines will be vacated and the matter will be remanded to the District Court with directions that each fine be reduced by ninety percent.