603 P.2d 1094

**In the Matter of Eugene E. KLECAN.**

**No. 12452.**

Supreme Court of New Mexico.

Nov. 28, 1979.

Klecan & Roach, Mark J. Klecan, Albuquerque, for Eugene E. Klecan.

Jeff Bingaman, Atty. Gen., Albert Joseph Alarid III, Deborah A. Moll, Asst. Attys. Gen., Santa Fe, for State of New Mexico.

## OPINION

FEDERICI, Justice.

This case arises out of an order by Bernalillo County District Judge Gerald R. Cole, finding appellant, Attorney Eugene E. Klecan, in contempt of court. The parties agree that the alleged contempt was criminal rather than civil in nature. The issue in this case is whether the actions of appellant were in disobedience of a court order and as such constituted criminal contempt.

Appellant was summarily held in contempt and fined during his cross-examination of a witness in a personal injury suit. The pertinent portion of the colloquy went as follows:

MR. E. KLECAN: We would offer in Defendant's Exhibit 3, which is the Answer to Interrogatory 38. The Interrogatory says, "See attached—let me read the question for the Court."

THE COURT: Are you offering that exhibit?

MR. E. KLECAN: Yes.

THE COURT: I have read the question.

MR. E. KLECAN: All right. Could I, for the benefit of the Jury, read the question, your Honor?

THE COURT: Not if you are offering the exhibit. If you are going to ask her a question, fine, but for offering the exhibit, I can read the question.

MR. E. KLECAN: Well, I will ask her the question in Interrogatory Number 38 as a preliminary—"If you are claiming lost wages as a result—"

MR. NORVELL: Objection, Your Honor, the—

MR. E. KLECAN: "—of the accident in question, please state the amount of the alleged lost wage claim and your basis for arriving at that figure. Answer: See statement attached."

Which is being offered in evidence.

THE COURT: Ladies and Gentlemen, I will ask you to retire to the Jury Room.

* * * * *

THE COURT: Mr. Klecan, I find that your actions are willful and wanton disregard to the Court's direction, and I find you in contempt of Court, and I find [sic] the sum of five hundred dollars, to be paid within twenty-four hours.

You may post an appeal bond in the amount of one thousand dollars, and you may take it to the Supreme Court, if you care to. If you do that again, I will put you in jail, sir.

MR. E. KLECAN: Let me explain, why—

THE COURT: I don't want an explanation. I feel that at this time, Mr. Norvell, that I have become so involved in this case that I cannot fairly try it, and I will declare a mistrial. Would you bring the Jury in.

The contempt order was filed under a miscellaneous cause number and assigned to another district judge. Thereafter, Judge Cole had the case reassigned to himself. Appellant's requests for withdrawal of the contempt order and for a hearing on the matter were denied.

Pursuant to § 34–1–2, N.M.S.A. 1978, a court may "preserve order and decorum, and for that purpose to punish contempts by reprimand, arrest, fine or imprisonment, being circumscribed by the usage of the courts of the United States." This statute is declaratory of the common law. *State v. Clark*, 56 N.M. 123, 241 P.2d 328 (1952).

Contempts of court are classified as civil or criminal and as direct or indirect. The major factor in determining whether a contempt is civil or criminal is the purpose for which the power is exercised. Civil contempts are those proceedings instituted to preserve and enforce the rights of private parties to suits and to compel obedience to the orders, writs, mandates and decrees of the court; whereas criminal contempt proceedings are instituted to preserve the authority and vindicate the dignity of the court. *State v. Greenwood*, 63 N.M. 156, 315 P.2d 223 (1957); *State v.*

*Magee Pub. Co. et al.*, 29 N.M. 455, 224 P. 1028 (1924). Direct contempts are contemptuous acts committed in the presence of the court, while indirect, or constructive contempts, are such acts committed outside the presence of the court. *Roybal v. Martinez*, 92 N.M. 630, 593 P.2d 71 (Ct.App.1979).

■ Generally, before criminal contempt may be imposed and enforced, the following requirements must be met: (1) Except in cases of flagrant contemptuous conduct, the trial judge should not exercise the power of summary contempt in the absence of a prior warning, *see Caldwell v. United States*, 28 F.2d 684 (9th Cir. 1928); *Sussman v. Com.*, —— Mass. ——, 374 N.E.2d 1195 (1978); *State v. Sanchez*, 89 N.M. 673, 556 P.2d 359 (Ct.App.1976); (2) an opportunity to explain, *Taylor v. Hayes*, 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974); and (3) a hearing on the matter, *Taylor v. Hayes, supra.*

■ In the instant case, the statements by the court were not clear enough to constitute a specific warning to appellant. Appellant requested that he be allowed to read Interrogatory No. 38. The court answered in part, "[i]f you are going to ask her a question, fine," and appellant interpreted this to permit the reading of the interrogatory. If the court meant to forbid any reading of the interrogatory, its prohibition was not made clear to appellant, and consequently, there was no willful disobedience of a court order. Even assuming that the court's warning was sufficiently specific, still the requirements of a warning and hearing were absent.

The necessity of allowing an explanation of allegedly contemptuous acts was recognized by the United States Supreme Court in *Taylor v. Hayes, supra.* Quoting in part from an earlier decision, the court stated:

> Even where summary punishment for contempt is imposed during trial, "the contemnor has normally been given an opportunity to speak in his own behalf in the nature of a right of allocution" (citation omitted).

418 U.S. 488, 498, 94 S.Ct. 2697, 2703, 41 L.Ed.2d 897.

And in *Sussman v. Com., supra*, the Massachusetts court stated:

> Especially in light of the potential for abuse of the contempt power, and adequate opportunity to defend or explain one's conduct is a minimum requirement before imposition of punishment.

374 N.E.2d 1195, 1200.

Appellant in this case was not afforded such an opportunity, as Judge Cole stated, "I don't want an explanation."

■ After appellant was cited for contempt and a mistrial was declared, the contempt order was filed under a miscellaneous cause number and assigned to District Judge Phillip Baiamonte. Judge Cole then had the case reassigned to himself. This Court has held, in *In the Matter of Avallone*, 91 N.M. 777, 581 P.2d 870 (1978), that the proper test for determining whether the impartiality of a judge has been affected by the acts of the contemnor is whether the act involves the personal feelings of the judge. The United States Supreme Court has also held that "contemptuous conduct, though short of personal attack, may still provoke a trial judge and so embroil him in controversy that he cannot 'hold the balance nice, clear, and true between the State and the accused . . . .'" *Taylor v. Hayes, supra*, at 501, 94 S.Ct. at 2704 quoting, *Tumey v. Ohio*, 273 U.S. 510, 532, 47 S.Ct. 437, 71 L.Ed. 749 (1910). Judge Cole, in declaring a mistrial, stated that he had become so involved in the case that he felt he could not fairly try it. The matter of the contempt order should have been left to Judge Baiamonte. *Taylor v. Hayes, supra.*

■ Once the case was reassigned to Judge Cole, appellant's request for withdrawal of the contempt order and for a hearing were denied. In the case of criminal contempt committed in its presence, the court has the power to punish the contemnor *summarily. Cooke v. United States*, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925); *Ex Parte Terry*, 128 U.S. 289, 9 S.Ct. 77, 32 L.Ed. 405 (1888). The rationale for such proceeding was explained in *Cooke v. United States*:

To preserve order in the courtroom for the proper conduct of business, the court must act instantly to suppress disturbance or violence or physical obstruction or disrespect to the court, when occurring in open court.

267 U.S. 517, 534, 45 S.Ct. 390, 394, 69 L.Ed. 767.

[Upon facts] . . . showing a clear case of contempt committed in the face of the Circuit Court, which tended to destroy its authority, and, by violent methods, to embarrass and obstruct its business, the petitioner was not entitled, of absolute right, either to a regular trial of the question of contempt, or to notice by rule of the court's intention to proceed against him, or the opportunity to make formal answer to the charges contained in the order of commitment.

128 U.S. 289, 306–307, 9 S.Ct. 77, 80, 32 L.Ed. 405.

█ Appellant's actions in this case did not constitute violent disruption of the proceedings of the court or blatant disrespect for the judge. *Compare State v. Driscoll,* 89 N.M. 541, 555 P.2d 136 (1976). As such, the imposition of summary contempt was not proper.

The result we reach should not be interpreted as condoning irresponsible or contemptuous behavior towards a court or disobedience by attorneys and others of a court's order; nor are we condoning conduct which causes undue disturbance in the court, physical obstruction of or disrespect of a judge. Order and decorum in the courts must be preserved. However, in all fairness to participants in litigation in this State, and except in cases of flagrant contemptuous conduct, before summary punishment for contempt may be imposed and enforced, the record should be clear that: (1) a specific warning was given by the judge; (2) an opportunity to explain was afforded, and (3) a hearing was held.

In this case, the behaviour on the part of Mr. Klecan during the course of the trial which may have constituted the alleged criminal contempt by the appellant towards the court may have been more obstructive, disrespectful and disobedient than what appears in the record. However, we are bound by the record on appeal and based on that record we conclude that the essentials and requirements for criminal contempt set forth above in this opinion were not met.

The contempt citation of appellant is set aside.

IT IS SO ORDERED.

FELTER, J., and HARL D. BYRD, District Judge, concur.