673 P.2d 1345
**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Freddy Lee CHAVEZ,**
**Defendant-Appellant.**

No. 7244.

Court of Appeals of New Mexico.

Dec. 6, 1983.

Paul Bardacke, Atty. Gen., Barbara F. Green, William Lazar, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

David A. Freedman, Freedman, Boyd & Daniels, P.A., Albuquerque, for defendant-appellant.

OPINION

NEAL, Judge.

The defendant was held in contempt for his refusal to answer questions before the grand jury, and sentenced to sixty days in jail. We hold that summary disposition was improper and reverse. We also discuss

whether a witness who has been granted use immunity may refuse to answer because his answers may subject him to federal prosecution. Because we reverse on the procedural issue we do not address other issues raised by the defendant.

The following factual matters are taken from the brief-in-chief, inasmuch as the State does not claim that they are inaccurate or incomplete.

In March 1983 the defendant was tried on two counts of distributing, or possessing with intent to distribute, cocaine and LSD. His defense was that he was not in Clovis on July 25, 1982, the date of the alleged offenses. At the close of the case the prosecution dismissed the information and the defendant was discharged.

The defendant was then subpoenaed to testify before the grand jury, which was considering a possible perjury charge against one of the witnesses who had testified at the defendant's trial. The defendant appeared but refused to answer questions about whether he had signed two exhibits, truck repair bills which would have placed him in Clovis on July 25, 1982. He refused to answer a question about whether some handwriting samples were his, and whether he had been in Clovis on July 25, 1982. The assistant district attorney then presented the defendant and his attorney with the court's order granting use immunity and compelling testimony before the grand jury.

Later that day the defendant and his attorney appeared in district court. The assistant district attorney explained to the court what questions the defendant refused to answer. Defense counsel argued that the testimony was unnecessary and that a subsequent federal prosecution on the drug charges was possible. The court then ordered the defendant "to answer the questions or suffer the consequences."

Defense counsel conferred with the defendant and renewed his argument that the defendant could face federal prosecution.

The court refused to change its ruling. Defense counsel asked if the contempt would be civil or criminal. The court responded that "he'll be held until he purges himself by testifying." Defense counsel again conferred with the defendant.

The defendant decided not to testify because, according to his attorney, "he fears the consequences." The court addressed the defendant and asked: "Do you have anything that you wish to say?" The defendant answered: "No, sir." The court then imposed the sixty-day sentence.

Upon representation of defense counsel that defendant had understood that he would be put in jail "until he testified," counsel conferred with defendant and then told the court that defendant understood the "consequences". This cleared up the ambiguity of whether defendant could subsequently testify and "purge" the jail sentence. At this point defendant knew a jail sentence would be imposed, that no "purging" was involved. Defendant refused to testify. The appeal is from the trial court's amended order imposing a sixty-day jail sentence. The contempt was criminal contempt.

1. Summary disposition was improper.

Two procedures are available in a contempt situation. "Depending on the conduct involved, a court may proceed summarily or may proceed only after notice and the opportunity to be heard." *State v. Diamond,* 94 N.M. 118, 607 P.2d 656 (Ct.App. 1980). Quoting *In re Oliver,* 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948), *Diamond* explains:

"Except for a narrowly limited category of contempts, due process of law ... requires that one charged with contempt of court be advised of the charges against him, *have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf,* [our emphasis] either by way of defense or explanation. The narrow exception to

these due process requirements includes only charges of misconduct, in open court, in the presence of the judge, which disturbs the court's business, where all of the essential elements of the misconduct are under the eye of the court, are actually observed by the court, *and where immediate punishment is essential to prevent 'demoralization of the court's authority' before the public.*" (Emphasis in original.)

■ The same day the defendant refused to answer questions he appeared before the court. Both the State and the defendant characterize the contempt proceedings as summary. However, the State suggests that the proceedings complied with the requirements for indirect contempt stated in *Matter of Klecan,* 93 N.M. 637, 603 P.2d 1094 (1974). Those requirements were: (1) prior warning; (2) an opportunity to explain; and (3) a hearing. We agree with defendant's response: "it can hardly be said that the witness [defendant] was given notice and an opportunity to be heard, where he was [taken] from the grand jury to the chambers of the district court and asked to state his position regarding his refusal to testify." There was no *reasonable* opportunity for defendant to meet the contempt charges. *See State v. Case,* 100 N.M. 173, 667 P.2d 978 (Ct.App.1983). The record does not show that the procedural requirements for indirect contempt were met. The contempt proceeding was summary.

■ Is a summary proceeding proper when a witness refuses to answer before the grand jury? Relying on *Harris v. United States,* 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965), we hold that it is not. *Harris* held that when a witness has refused to answer questions before the grand jury summary disposition of the contempt is improper.

Federal Criminal Procedure Rule 42(a) deals with summary disposition, while Rule 42(b) deals with notice and hearing. In holding that Rule 42(a) did not apply the

Court said: "Even though we assume arguendo that Rule 42(a) may at times reach testimonial episodes, nothing in this case indicates that petitioner's refusal was such an open, serious threat to orderly procedure that instant and summary punishment, as distinguished from due and deliberate procedures [Citation omitted] was necessary."

As stated in *Harris:*

[N]otice and hearing serve[s] important ends. What appears to be a brazen refusal to cooperate with the grand jury may indeed be a case of frightened silence. Refusal to answer may be due to fear—fear of reprisals on the witness or his family. Other extenuating circumstances may be present. We do not suggest that there were circumstances of that nature here. We are wholly ignorant of the episode except for what the record shows and it reveals only the bare bones of demand and refusal. If justice is to be done, a sentencing judge should know all the facts. We can imagine situations where the questions are so inconsequential to the grand jury but the fear of reprisal so great that only nominal punishment, if any, is indicated. Our point is that a hearing and only a hearing will elucidate all the facts and assure a fair administration of justice. Then courts will not act on surmise or suspicion but will come to the sentencing stage of the proceeding with insight and understanding.

Our holding does not conflict with *State v. Case,* which held that summary disposition is proper when a witness refuses to answer questions at trial. *Case* specifically relied on, and is consistent with *United States v. Wilson,* 421 U.S. 309, 95 S.Ct. 1802, 44 L.Ed.2d 186 (1975). *Wilson* distinguishes an ongoing trial from a grand jury:

The crucial difference between the cases, however, is that Harris did not deal with a refusal to testify which obstructed an ongoing trial. . . .

A grand jury ordinarily deals with many inquiries and cases at one time, and

it can rather easily suspend action on any one, and turn to another while proceedings under Rule 42(b) are completed.... Trial courts, on the contrary, cannot be expected to dart from case to case on their calendars any time a witness who has been granted immunity decides not to answer questions.

Following *Harris* we hold summary disposition was improper. The defendant was entitled to notice and hearing on the contempt charge.

2. Use immunity and federal prosecution.

The defendant contends that he cannot be held in contempt because under *State v. Urioste*, 95 N.M. 712, 625 P.2d 1229 (Ct.App. 1980), he could face federal prosecution on the drug charges. To the extent *Urioste* suggests that a witness who has been granted use immunity may be subject to federal prosecution on the same charges, it is not to be followed.

*Murphy v. Waterfront Commission of New York*, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964), is the law on this point. In *Murphy* the issue was "whether one jurisdiction within our federal structure may compel a witness, whom it has immunized from prosecution under its laws, to give testimony which might then be used to convict him of a crime against another such jurisdiction."

The petitioners in *Murphy* were subpoenaed to appear before the Waterfront Commission of New York Harbor. They refused to answer on the ground that their answers might incriminate them. They were granted immunity under New Jersey and New York law but still refused to answer arguing that their answers might incriminate them under federal law. The Court held:

> [T]he constitutional privilege against self-incrimination protects a state witness against incrimination under federal as well as state law and a federal witness against incrimination under state as well as federal law.

 Consistent with *Murphy* we hold that a witness who has been granted immunity under New Mexico law cannot refuse to answer because he fears federal prosecution. Because the defendant was relying on our decision in *Urioste* he should, in fairness, have a chance to answer the questions. *See Murphy.* Because of our reversal based on improper summary disposition he will have that chance.

On appeal, the defendant has raised an issue concerning the validity of the motion to compel testimony and the order compelling testimony and granting use immunity. This issue was not raised in the trial court and we do not consider it. NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 308 (Cum.Supp.1983).

Because of our disposition of the case it is unnecessary to answer the remaining issues.

The order holding the defendant in contempt of court is reversed.

IT IS SO ORDERED.

WOOD and HENDLEY, JJ., concur.