673 P.2d 831

**CITY OF BERNALILLO,**
**Plaintiff-Appellee,**

v.

**Anthony ARAGON, Defendant-Appellant.**

**No. 7246.**

Court of Appeals of New Mexico.

Dec. 6, 1983.

Robert H. Clark, Keleher & McLeod, P.A., Albuquerque, Kenneth E. Brown, Bernalillo, for plaintiff-appellee.

R. Raymond Twohig, Jr., Albuquerque, for defendant-appellant.

## OPINION

LOPEZ, Judge.

The defendant appeals his conviction for direct contempt in the municipal court. We affirm.

The defendant presents three issues for our consideration: 1. Whether the district court erred in refusing to grant a trial *de novo* to appellant on his criminal contempt conviction contrary to NMSA 1978, Mun.R. 39(i) (Repl.Pamp.1982). 2. Whether the district court erred in its use of the procedurally defective municipal court record to sustain appellant's convictions. Instead, argues defendant, the district court was required to reverse the convictions due to the procedural errors of the municipal court. 3. Whether the municipal court erred in finding defendant to be in contempt without holding a hearing on the alleged contempt.

FACTS

The facts involving defendant's contempt conviction are those contained in documents made available to the district court, including a police report, the signed written statements of witnesses and an affidavit written by the municipal judge. A summary of the relevant evidence is as follows:

1. *Police Report:* Defendant argued with the municipal court judge over the fairness of an ordinance, the enforcement of which led to defendant's conviction. After sentencing defendant for interference with an officer in charge, the judge announced that defendant was in contempt of court and sentenced defendant accordingly. While leaving the courtroom, defendant stated something like "this court sucks" and "what do you have to do, kick ass around here or what?"

2. *Kathy Ortiz:* While in court defendant stated that "this court sucked." The municipal judge then imposed a ten day sentence for contempt of court.

3. *Eddie DeLara, Jr.:* At the end of defendant's hearing in municipal court, defendant stated that "the court sucked." The municipal judge then found defendant in contempt of court and sentenced him to ten days in jail.

4. *Carolyn Lee:* After the municipal court judge sentenced defendant to ninety days probation, defendant stated that the "court sucks." When the Judge asked what defendant had said, defendant said the "court sucks." The court then sentenced defendant to ten days in jail for contempt of court.

5. *Affidavit of Judge Lorenzo Casaus:* During the course of defendant's trial in municipal court defendant made "many contemptuous remarks" with reference to the judicial proceedings. Affiant advised defendant not to be disrespectful to the court as defendant could be found in contempt of court. Defendant continued to be disrespectful in many ways, "including but not limited to blasphemies and obscenities directed at" affiant. Defendant was ultimately held to be in contempt of court.

*ISSUE NO. 1.* Whether Defendant Was Entitled to a Trial De Novo as to the Contempt Charge.

Under this point defendant challenges the district court's judgment mainly on the failure of the district court to grant a trial *de novo* on the contempt charge relying on Rule 39(a) and 39(i).

The city contends that the district court's judgment was substantially correct and is not subject to reversal.

Our duty in this case is to decide whether our interpretation of the applicable law and statutes of the State of New Mexico provide a trial *de novo* to the defendant on the direct contempt charges.

Rule 39(a) of the Rules of Procedure for the Municipal Courts states:

(a) **Right of appeal by defendant.** A defendant who is aggrieved by any judgment rendered by the municipal court may appeal to the district court of the county within which the municipal court is located within fifteen days after entry of the judgment or final order.

Rule 39(i): **Trial de novo.** All trials upon appeals from the municipal court to the district court shall be de novo and shall be governed by the Rules of Criminal Procedure for the District Courts.

Rule 33(b): **Summary Disposition.** A contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record.

Rule 39(a) governs appeal by defendant. Rule 39(i) provides for trial *de novo*.

The language in 33(b) allowing for an order of contempt is very clear and there appears to be no ambiguity. The language in 39(a) is also very clear and both 39(a) and 39(i) allow for appeal for trial *de novo* from judgments rendered by the municipal courts for trial *de novo* in the district court.

The case at bar involves an appeal from the municipal court for a direct contempt matter.

■ Actions for contempt are sui generis. *Jencks v. Goforth,* 57 N.M. 627, 261 P.2d 655 (1953). Direct contempt is generally considered to necessitate immediate action in order to maintain the dignity and authority of the court as compared to conduct outside of the court's presence, amounting to indirect contempt. *See Roybal v. Martinez,* 92 N.M. 630, 593 P.2d 71 (Ct.App.1979); *Ex parte Terry,* 128 U.S. 289, 9 S.Ct. 77, 32 L.Ed. 405 (1888). The rationale for allowing summary procedures for direct contempt is that when the contempt occurs in the presence of the court, the judge is fully aware of all facts necessary to the contempt determination. *See State v. Diamond,* 94 N.M. 118, 607 P.2d 656 (Ct.App.1980).

■ Considering the facts of this case and the statutes and legal authorities which we have cited and reviewed, we conclude that since Rule 33(b) allows an order for contempt without trial it makes no sense to conclude that Rule 39(i) would apply to Rule 33(b) by allowing a trial *de novo*.

We conclude therefore that defendant was not entitled to a trial *de novo* on his direct contempt charges which took place before the municipal court and the district court judge correctly denied defendant a trial *de novo*.

ISSUE NO. 2. Whether the Record Relied Upon on Appeal by the District Court was Procedurally Defective so as to Require Reversal of Defendant's Conviction for Contempt.

The defendant challenges his conviction by the District Court on grounds, first, that

the municipal judge failed to comply with the requirements of the municipal court and, second, that the record which the municipal court provided to the district court did not afford a complete basis for review.

The city contends that even if there was no literal and complete compliance with Rule 33(b), there has been substantial compliance with that rule, and if there was any error the error was nevertheless harmless under NMSA 1978, Mun.R. 35 (Repl.Pamp. 1982).

The record indicates that the district court relied on the police report, statements of witnesses, and the affidavit of the municipal judge in considering the defendant's appeal of his contempt conviction.

 We conclude that the purpose of Rule 33(b) is to substantiate the basis for the imposition of the contempt sentence and to give the appellate court a basis for review of the contempt case. In the case at bar the municipal judge signed a criminal complaint against defendant for contempt of court. It indicated in the final order of criminal complaint that defendant had been given a combined twenty day jail sentence for direct contempt. The municipal judge also filed an affidavit in the district court setting forth the basis for the contempt citation. This affidavit provided in part the following:

> That during the course of the trail [sic] ANTHONY ARAGON made many contemptuous remarks to him [the court] and with reference to the judicial proceeding. He [the court] repeatedly advised ANTHONY ARAGON that he shnuld [sic] not be disrespectful of the Court and should he continue to be disrespectful of the Court, that he would be found in contempt of Court. ANTHONY ARAGON continued being disrespectful of the Court and it's [sic] proceedings. This disrespect was shown in many ways, including but not limited to blasphemies and obscenities directed at Judge Casaus and the Court proceedings * * *

In addition, the record contains the statements of several witnesses to the relevant events.

The record therefore contains on ample statement by the municipal judge of the conduct constituting the contempt which was corroborated by statements of others.

Defendant's brief refers by analogy to several cases decided under Rule 42(a) of the Federal Rules of Criminal Procedure, which contains language nearly identical to that found in Municipal Court Rule 33(b). There are, however, federal cases which make clear that literal compliance with Rule 42(a) is not absolutely required. For example, delays of respectively three weeks and two months in filing the certification were sanctioned in *Crumpacker v. Crumpacker*, 516 F.Supp. 292 (N.D.Ind.1981) and *Shibley v. United States*, 236 F.2d 238 (9th Cir.), *cert. denied*, 352 U.S. 873, 77 S.Ct. 98, 1 L.Ed.2d 77 (1956). In *Field v. United States*, 193 F.2d 86 (2d Cir.1951), the trial court's failure to file the contempt certification until after the appeal had been filed was deemed "a nonprejudicial error at most, as it would merely require a remand and resentence." 193 F.2d at 90.

We hold that there was sufficient and substantial compliance by the municipal judge with Rule 33(b) for the district court to review the contempt conviction. *See State v. Stout*, 22 SBB 1227 (1983).

The defendant challenges the sufficiency of the record on appeal. We disagree with defendant on this matter. The record was sufficient for the district court to review the matter and the record is sufficient for this court to review the whole case.

In *State v. Rivera*, 92 N.M. 155, 584 P.2d 202 (Ct.App.1978), this court stated as follows in a case involving Rule 41 of the Magistrate Court Rules:

> Even though Magistrate Rule 41(d) states that the magistrate court shall transmit a transcript of all proceedings to the district court [on appeal], this does not relieve defendants who are initiating the appeal of their responsibility to see that a proper transcript is forwarded.

*Id.* at 157, 584 P.2d 204.

We conclude therefore that defendant's challenge under this point does not justify reversal.

ISSUE NO. 3. Whether There Should Have Been a Hearing in Municipal Court to Determine Whether Defendant Should be Held in Contempt.

██ Under this point defendant challenges his conviction on grounds that his conduct which led to the contempt conviction before the Municipal Court did not justify his conviction as a matter of law. At the outset we disagree with defendant.

The power to punish for contempt is inherent in the courts, *State v. Greenwood,* 63 N.M. 156, 315 P.2d 223 (1957), and is explicitly recognized in NMSA 1978, § 34–1–2 (Repl.Pamp.1981), which states that it is within the power of each and every presiding office of the courts of this state, whether of record or not of record, to preserve order and decorum and for that purpose to punish contempts. The rationale for the summary contempt procedure is explained in *Matter of Klecan,* 93 N.M. 637, 603 P.2d 1094 (1979) quoting *Cooke v. United States,* 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925)):

> To preserve order in the courtroom for the proper conduct of business, the court must act instantly to suppress disturbance or violence or physical obstruction *or disrespect to the court,* when occurring in open court. (Emphasis added.)

*Id.* at 640, 603 P.2d at 1097.

In *State ex rel. Beckett v. Stockett,* 26 Or.App. 167, 552 P.2d 838 (1976), for example, defendant had repeatedly shouted obscenities at the trial judge, and the appellate court upheld the judge's summary imposition of a 30-day jail sentence. In *In re Buckley,* 10 Cal.3d 237, 110 Cal.Rptr. 121, 514 P.2d 1201 (1973), *cert. denied,* 418 U.S. 910, 94 S.Ct. 3202 41 L.Ed.2d 1156 (1974), an attorney's summary punishment was upheld for having made highly insulting remarks impugning the integrity of the court. And in *Gordon v. United States,* 592 F.2d 1215, (1st Cir.), *cert. denied,* 441 U.S. 912, 99 S.Ct. 2011, 60 L.Ed.2d 384 (1979), the court upheld a summary contempt order on the basis that the appellant's statements "amounted to an outrageous affront to the dignity of the court, both personally and as an institution and embodiment of the law," thereby obstructing the proceedings or threatening the dispassionate administration of justice. *See State v. Stout.*

We conclude that considering the record on appeal and all the legal authorities and statutes we have reviewed, the conduct of defendant justified his contempt proceedings and his conviction by the municipal court and the affirmance of that conviction by the district judge.

The judgment of the district court is affirmed on the direct contempt charges.

IT IS SO ORDERED.

WALTERS, C.J., and BIVINS, J., concur.