709 P.2d 670

**Carl CASE, Defendant-Petitioner,**

v.

**STATE of New Mexico,
Plaintiff-Respondent.**

No. 15839.

Supreme Court of New Mexico.

Nov. 12, 1985.

502

Paul G. Bardacke, Atty. Gen., William McEuen, Asst. Atty. Gen., Santa Fe, for plaintiff-respondent.

Janet Clow, Chief Public Defender, Susan Gibbs, Asst. Appellate Defender, Santa Fe, for defendant-petitioner.

Gary C. Mitchell, Ruidoso, Trial Counsel for defendant-petitioner.

## OPINION

RIORDAN, Justice.

Carl Case (defendant) was previously convicted of ten counts of contempt of court and received ten one-year consecutive sentences. These convictions were reversed by the Court of Appeals. *State v. Case*, 100 N.M. 173, 667 P.2d 978 (Ct.App. 1983). Defendant was retried and again convicted of criminal contempt. His subsequent sentence of ten years for one count of contempt of court was upheld by the Court of Appeals and we granted certiorari. We now set aside the sentence and remand for a new sentencing proceeding.

Defendant raises five issues in his petition for certiorari. We address only one— the length of the sentence—and affirm the Court of Appeals on the other issues. The facts and background are adequately stated in the Court of Appeals' opinion and we do not restate them here.

■ In this case, defendant was given use immunity against prosecution for his testimony but refused to answer the questions asked of him regarding the involved homicide. Defendant informed the court that he would continue to refuse to answer any questions. It appears that no matter what sentence was imposed, defendant would have refused, and did in fact refuse, to answer questions concerning the homicide. Imprisonment or fine in such cases is imposed to preserve the court's authority and as punishment for disobedience of the court's orders, and is not intended to be remedial (i.e., to coerce defendant to answer questions he refused to answer). Thus, the trial court properly concluded that the purpose of the contempt proceeding was not remedial but rather to vindicate the authority and dignity of the court. It would have done no good to have defendant imprisoned until he answered the questions since the trial had concluded. We should also point out that defendant is already to be imprisoned for life plus eighteen years. *State v. Case*, 100 N.M. 714, 676 P.2d 241 (1984).

■ In imposing punishment for contempt, the following matters are to be considered by the trial court: the seriousness of the consequences of the contumacious behavior, the public interest in enforcing a termination of defendant's defiance, and the importance of deterring future defiance. *State v. Our Chapel of Memories of New Mexico, Inc.*, 74 N.M. 201, 392 P.2d 347 (1964). The punishment imposed should be reasonably related to the nature and gravity of the contumacious conduct. *See Green v. United States*, 356 U.S. 165, 78 S.Ct. 632, 2 L.Ed.2d 672 (1958); *United States v. Conole*, 365 F.2d 306 (3rd Cir. 1966), *cert. denied*, 385 U.S. 1025, 87 S.Ct. 743, 17 L.Ed.2d 673 (1967).

■ The power to punish for contempt is inherent in the courts. *City of Bernalillo v. Aragon*, 100 N.M. 547, 673 P.2d 831 (1983). This innate power of the courts has also been recognized by the legislature in NMSA 1978, Section 34-1-2 (Repl.Pamp. 1981) which states in pertinent part:

It shall be within the power of * * * the several courts of this state * * * to preserve order and decorum, and for that

purpose to punish contempts by reprimand, arrest, fine or imprisonment. * *

Trial courts are charged with the duty and necessity of guarding their proceedings against whatever interferes or tends to interfere with the orderly administration of justice. *State v. Kayser,* 25 N.M. 245, 181 P. 278 (1919). However, contempt powers of the court should be used cautiously and sparingly. *In re Hooker,* 94 N.M. 798, 617 P.2d 1313 (1980); *Corliss v. Corliss,* 89 N.M. 235, 549 P.2d 1070 (1976). The trial court's use of its contempt powers was to vindicate the authority and dignity of the court. It is the responsibility of the judiciary to exercise that power wisely and always within its limitations. *New Jersey Zinc Co. v. Local 890,* 57 N.M. 617, 261 P.2d 648 (1953). The only limit on a contempt sentence is the trial court's discretion, which is reviewable on appeal. *Bloom v. Illinois,* 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968); *Green v. United States.* Though the trial court is accorded wide discretion in criminal contempt proceedings, *State v. Our Chapel of Memories of New Mexico, Inc.,* its decisions are reviewable for arbitrariness and abuse of discretion. *State v. Sanchez,* 89 N.M. 673, 556 P.2d 359 (Ct.App.1976). Abuse of discretion has been defined as a conclusion and judgment clearly against the logic of the facts before the court; a decision that is clearly untenable and clearly against reason and evidence. *State v. Hargrove,* 81 N.M. 145, 464 P.2d 564 (Ct.App.1970).

■ Originally defendant was sentenced to one year for each count of contempt. We determine that the sentence herein (ten years for one count of contempt) is excessive under the circumstances and, in light of its excessiveness, an abuse of discretion by the trial court. Contempt case history would support this determination. *See e.g., State v. Our Chapel of Memories of New Mexico, Inc.* (sentences ranging from six months to two years—suspended); *State v.*

*Chavez,* 100 N.M. 612, 673 P.2d 1345 (Ct. App.1983) (sixty days); *State v. Sanchez* (six months).

This opinion is not intended as a limitation on the number of counts of contempt that may be appropriately brought nor as a limitation as to whether any sentence for contempt may be consecutive or concurrent to other counts or other sentences being served.[1]

Defendant's sentence of ten years for one count of criminal contempt is vacated. The cause is remanded to the trial court for a reconsideration of the sentence.

IT IS SO ORDERED.

FEDERICI, C.J., and SOSA and WALTERS, JJ., concur.

STOWERS, J., dissents.

STOWERS, Justice, dissenting.

I dissent.

The majority of the Court today hold that the imposition of a ten-year sentence for criminal contempt of court in this case constitutes an abuse of discretion simply because they believe the sentence was "excessive under the circumstances." Without stating reasons of law or fact, the majority reverse the Court of Appeals's carefully considered holding that no abuse of discretion occurred. *See State v. Case,* 25 SBB 461 (Ct.App.1985). Without reviewing the trial court's analysis of the circumstances and without assessing independently the facts of this case, the majority vacate the sentence and remand the case to the trial court.

The majority have failed to appreciate the history, practice, and purposes of criminal contempt sentencing in reaching a conclusion which, I believe, the peculiar facts of this case do not support. While the sentence imposed on the defendant was indeed severe, I believe that under the facts and circumstances of this case the

---

1. This case is one tried by a jury. If the defendant is ordered to jail for punishment in a case that is not tried by a jury and not remedial, the length of the sentence may not exceed six months. *Cheff v. Schnackenberg,* 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966); *State v. Case,* 100 N.M. 173, 667 P.2d 978 (Ct.App.1983).

trial court acted properly within the broad, discretionary contempt power the law gives it. Accordingly, its sentence and the decision of the Court of Appeals should be affirmed.

The orderly process of law demands that respect and compliance be given to orders issued by a court of appropriate jurisdiction. *State ex rel. Apodaca v. Our Chapel of Memories of New Mexico, Inc.*, 74 N.M. 201, 204, 392 P.2d 347, 349 (1964). Judicial sanctions for criminal contempts serve the purpose of preserving the court's authority and punishing disobedience of its orders. *State ex rel. Bliss v. Greenwood*, 63 N.M. 156, 159, 315 P.2d 223, 225 (1957). While the courts' power to punish contempts has been codified by the Legislature in NMSA 1978, Section 34-1-2 (Repl.Pamp.1981), the statute is merely declaratory of the common law. *In re Klecan*, 93 N.M. 637, 638, 603 P.2d 1094, 1095 (1979). We long have recognized that this power is inherent in the courts and its exercise is the exercise of the highest form of judicial power. *State ex rel. Bliss v. Greenwood*, 63 N.M. at 161, 315 P.2d at 227; *State v. Magee Publishing Co.*, 29 N.M. 455, 469, 224 P. 1028, 1029 (1924); *In re Sloan*, 5 N.M. 590, 612, 25 P. 930, 937 (1891). So essential is it to the effective functioning of the judiciary that the doctrine of separation of powers forbids the Legislature from substantially impairing the courts' ability to punish contempts. *State ex rel. Bliss v. Greenwood*, 63 N.M. at 162, 315 P.2d at 227.

The majority of the Court recognize that the only limit on a contempt sentence is the trial court's discretion. This Court has admonished trial courts to use the power of contempt cautiously and sparingly. *Corliss v. Corliss*, 89 N.M. 235, 239, 549 P.2d 1070, 1074 (1976); *International Minerals and Chemical Corp. v. Local 177, United Stone and Allied Products Workers*, 74 N.M. 195, 200, 392 P.2d 343, 346 (1964). As the majority observe, we have held that the seriousness of the consequences of the contumacious behavior, the public interest in enforcing a termination of defendant's defiance, and the importance of deterring future defiance are matters to be considered by the trial court in imposing punishment for criminal contempt. *State ex rel. Apodaca v. Our Chapel of Memories of New Mexico, Inc.*, 74 N.M. at 205, 392 P.2d at 349.

The appellate court is bound to review the trial court's sentencing decision for abuse of discretion. *See State v. Sanchez*, 89 N.M. 673, 676, 556 P.2d 359, 362 (Ct. App.1976). We cannot substitute our judgment for that of the trial court. *State v. Lopez*, 91 N.M. 779, 780, 581 P.2d 872, 873 (1978). When the evidence shows that the trial court considered the factors it must consider and when the law vests the trial court with authority to enter its judgment, as was the case here, we will find an abuse of discretion only when the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Federal Land Bank of Wichita v. Burgett*, 97 N.M. 519, 520, 641 P.2d 1066, 1067 (1982). The majority do not explain why the ten-year sentence imposed here is clearly against the logic and effect of the facts. The trial court did not abuse its discretion, I believe, for the extraordinary facts and circumstances of this case do not preclude the severe contempt sentence imposed on this defendant.

Defendant Carl Case was convicted of the murder and criminal sexual penetration of Nancy Mitchell and was sentenced to consecutive terms of life and eighteen years' imprisonment, despite his testimony in his own behalf. Curtis Worley was tried on similar criminal charges after the defendant began serving his sentence.

When called to the witness stand during Worley's trial, the defendant refused to answer questions pertaining to the night of the crimes, claiming that he was under duress and that he was being denied various constitutional rights. The trial court found that by testifying at his own trial the defendant had waived his Fifth Amendment right not to incriminate himself and, furthermore, granted him use immunity for his testimony. It permitted the defendant to confer with his attorney. It explained

that each time he refused to answer a question the defendant would be found in direct criminal contempt of court for obstructing the progress of the trial, that he would be subject to a sentence of one year for each refusal, and that the sentences would be served consecutively.

The defendant nonetheless refused to answer several questions, and was held in contempt for each refusal. The trial court then offered to purge the contempt sentences and to modify the defendant's murder and criminal sexual penetration sentences so that they would run concurrently, if he testified truthfully. The defendant continued to refuse to testify. He refused to answer ten questions, and ten times he was held in contempt and sentenced to one year.

These convictions were vacated by the Court of Appeals, which held that the defendant must be afforded the right to a jury trial and the right to counsel if his actual punishment was to exceed six months. *State v. Case*, 100 N.M. 173, 177, 667 P.2d 978, 982 (Ct.App.1983). The Court of Appeals also held that the defendant's ten refusals to answer questions on one subject of inquiry constituted one contempt. *Id.*, 100 N.M. at 175, 667 P.2d at 980. It remanded the case to the trial court with instructions. *Id.*, 100 N.M. at 179, 667 P.2d at 984.

On remand, the district attorney by criminal information charged the defendant with one count of criminal contempt. At his arraignment, the trial court informed the defendant that the maximum sentence he could receive would be eighteen years, and the defendant pled not guilty. The defense thereafter successfully requested a change of venue and the disqualification of Judge Fort, who had presided at the Worley trial.

The defendant was tried before a jury on the contempt charge, Judge Walker presiding. At the beginning of the trial, the defense requested to be instructed about the maximum potential sentence. Judge Walker explained that no statutory sentence limitation existed for criminal con-

tempt. He ruled that ten years would be the maximum sentence in this case because of its peculiar facts, including the defendant's exposure to a sentence of ten years at the time he refused to answer the tenth question during the Worley trial. The jury returned a verdict of guilty.

Judge Walker conducted a sentencing hearing the day of the conviction. His comments and the arguments of counsel clearly indicate that the trial court recognized that many considerations go into the determination of an appropriate sentence. The defendant was a material witness in the Worley trial. He elected not to testify, notwithstanding Judge Fort's inducement of concurrent sentences. Furthermore, a heavy sentence would serve as a deterrent to others. On the other hand, the defendant genuinely feared for his safety at the penitentiary if he were to be labelled a "snitch." His mistaken belief that he had a legal right not to testify was not entirely unreasonable. In addition, the defendant's refusal to testify in this case did not prevent the conviction of Worley.

Finally, the court afforded the defendant his right to allocution before sentence was imposed. *Case v. State*, 100 N.M. at 178, 667 P.2d at 983; *see also In re Klecan*, 93 N.M. 637, 639, 603 P.2d 1094, 1096 (1979). The defendant claimed that the only reason he repeatedly had refused to testify was that he had been told by the district attorney, by Worley's attorney, and by his own attorney, before and during the trial, that the maximum sentence he could receive for contempt of court was six months. The court observed that Judge Fort had advised the defendant otherwise, and sentenced him to ten years' imprisonment, to be served consecutive to his other sentences.

This sentence certainly is severe, much longer than any contempt sentence this Court has approved previously. The very few New Mexico precedents cited by the majority, however, are all distinguishable on their facts. The contempt in this case consisted of the obstruction of serious criminal proceedings by a material witness who was already sentenced to imprison-

ment for life plus eighteen years in the penitentiary. The trial court appreciated the fact that a typical contempt sentence of several months would have been nearly meaningless punishment to this defendant. More importantly, the trial court appreciated that such a sentence would have no deterrent effect on future witnesses in positions similar to that of the defendant.

I am convinced that under these peculiar circumstances, the trial court acted within its discretionary contempt sentencing powers; therefore, I respectfully dissent.