This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**FRANK DOMBOS,**

Plaintiff-Appellant,

v.                                                                          **NO. 31,355**

**WELLS FARGO BANK, N.A.,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, District Judge**

Frank Dombos
Grants, NM

Pro Se Appellant

Roger E. Yarbro
Cloudcroft, NM

for Appellee

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Plaintiff appeals from the district court order granting summary judgment in favor of Wells Fargo and dismissing Plaintiff's complaint with prejudice. This Court

issued a calendar notice proposing to affirm. Wells Fargo filed a memorandum in support of this Court's proposed disposition and Plaintiff has filed a memorandum in opposition. Having given due consideration to the parties' memoranda, we affirm.

Plaintiff raises six issues on appeal. In this Court's calendar notice we grouped these issues into (1) challenges to the district court's order granting summary judgment, and (2) claims that Wells Fargo committed perjury. This Court proposed to affirm the district court's determination that Plaintiff's claim was barred by the applicable statute of limitations contained in the New Mexico Uniform Commercial Code, NMSA 1978, Section 55-4-406(f) (1992). Section 55-4-406(f) provides, in pertinent part:

> Without regard to care or lack of care of either the customer or the bank, a customer who does not within one year after the statement or items are made available to the customer . . . discover and report the customer's unauthorized signature on or any alteration on the item is precluded from asserting against the bank the unauthorized signature or alteration.

Plaintiff contends that there is a genuine issue of material fact regarding whether the bank statements were made available to him. Plaintiff contends that the statements were not made available to him because they were not sent to him at the prison, which Plaintiff contends was required by the above statute. [MIO 7] Plaintiff does not present any authority to support his interpretation of "made available" as being limited to his place of residence, and the plain language does not indicate that

the term "made available" is limited in such a manner. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (providing that an appellate court will not consider an issue if no authority is cited in support of the issue, as absent cited authority to support an argument, we assume no such authority exists). Moreover, Plaintiff indicates that his statements were mailed to his home address [MIO 7], and does not indicate that he ever informed Wells Fargo that his statements were to be sent to the prison. We therefore conclude that Plaintiff has failed to demonstrate a genuine issue of material fact.

To the extent Plaintiff disagrees with this Court's characterization of his other argument as claiming that he was entitled to recover from Wells Fargo because the bank's actions impacted the outcome of his criminal trial, we have attempted to address Plaintiff's arguments to the best of our ability. *See Clayton v. Trotter,* 110 N.M. 369, 373, 796 P.2d 262, 266 (Ct. App. 1990) (stating that we will review pro se arguments to the best of our ability, but cannot respond to unintelligible arguments). It remains unclear what bearing Wells Fargo's actions had on Plaintiff's criminal trial and what impact Plaintiff's criminal trial has on this civil suit against Wells Fargo. We conclude, however, that Plaintiff has not demonstrated that the district court erred in granting summary judgment on the ground that Defendant's claim was barred by the statute of limitations.

Finally, to the extent Plaintiff contends that the district court erred by not holding Wells Fargo in contempt of court for falsely swearing to information contained in an affidavit, we defer to the district court's determination as to whether Wells Fargo falsely swore to information in an affidavit. Absent some clear abuse of discretion, we will not reverse a district court's exercise or refusal to exercise its power to hold a party in contempt. *See Case v. State*, 103 N.M. 501, 503, 709 P.2d 670, 672 (1985) (stating that we review the district court's exercise of its criminal contempt power for an abuse of discretion). Plaintiff has not demonstrated that the district court abused its discretion.

For the reasons stated above, we affirm.

**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**


_____
**LINDA M. VANZI, Judge**

4